[S. F. No. 5908. In Bank.—October 16, 1913.]

## THOMAS MANNIX, Respondent, v. R. L. RADKE COMPANY et al., Appellants.

BUILDING CONTRACT—ABSENCE OF WRITTEN CONTRACT—WANT OF FILING—REMEDY OF CONTRACTOR—ACTION FOR REASONABLE VALUE.— Where a building contract fails to comply with the provisions of section 1183 of the Code of Civil Procedure requiring such a contract to be in writing and to be filed, neither party thereto may maintain any action based thereon against the other. The sole remedy of the contractor is an action for the reasonable value of the labor and materials furnished, which in no event must exceed the price fixed by the invalid contract, which must be taken as the utmost limit of his recovery. He cannot recover at all without showing a substantial compliance with the terms of such attempted contract.

ID.—ACTION ON CONTRACT—WANT OF AVERMENT OF REASONABLE VALUE— JUDGMENT FOR CONTRACTOR SUPPORTED BY EVIDENCE.—Although an action by the contractor was technically based upon such express invalid contract, and the complaint contained no allegation that the amount sued for was the reasonable value of the labor and materials furnished, a judgment in his favor for the amount of the contract price will be upheld, where the evidence shows a substantial performance of the work in compliance with the terms of the attempted contract, and that the contract price was the reasonable value of the labor and materials.

ID.—CONFLICT OF EVIDENCE—PERFORMANCE BY CONTRACTOR.—In view of the conflict of evidence, the conclusion of the jury that the contractor substantially performed his part of the contract is binding on the appellate court.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order refusing a new trial. John Hunt, Judge.

The facts are stated in the opinion of the court.

Robert H. Countryman, for Appellants.

Naylor & Riggins, and Clarence N. Riggins, for Respondent.

THE COURT.—This is an appeal by defendants from a judgment against them, and from an order denying their motion for a new trial in an action brought by plaintiff for a balance of $5,075 alleged to be due him for doing the lathing and plastering work in the construction of two certain wooden office and store buildings in San Francisco known respectively as the Delbert and Countryman buildings, which were erected during the summer and fall of the year 1906, almost immediately after the great conflagration of April of that year. The case was tried by a jury, which rendered a verdict in plaintiff's favor against the corporation defendant for four thousand dollars, and also against each of the defendants, R. L. Radke and R. H. Countryman, for $1,333.33, being his one-third share as a stockholder of said corporation, of said four thousand dollars. Judgment was entered accordingly.

Plaintiff alleged in his complaint that "within two years last past" he "performed work and labor for, and furnished materials to said R. L. Radke Company in lathing and plastering two certain buildings . . . for a portion of which the said corporation agreed to pay plaintiff the sum of eleven thousand five hundred ($11,500) dollars; that for the balance of said work, no price was agreed on between them, but the reasonable value thereof is and was the sum of eleven hundred and fifty ($1150) dollars." The complaint acknowledged credits in the sum of $6,350 in money, and $1,224.80 in laths sold and delivered to plaintiff by said corporation, and alleged a balance due plaintiff of $5,075.20. There was no other allegation of the ultimate fact of reasonable value of any of the work or materials than such as is contained in the foregoing. The verdict awarded plaintiff only $74.80 in excess of the amount that would have been due for the work and materials

for which defendants "agreed to pay" eleven thousand five hundred dollars, according to plaintiff's claim, if there had been no claim for extra or additional work.

The only denial of the allegations of the complaint in regard to the work and materials contained in the answer is as follows: "and deny that plaintiff at any time ever made any agreement with the defendant corporation to do or perform for said defendant corporation any work or labor for, or to furnish any materials to, or did perform any work or labor or furnish any material to the defendant corporation, or agreed to pay for any work or labor or material of any kind, nature, character or description, and deny that any of said defendants is indebted to said plaintiff in any sum of money, or at all." As a separate answer and defense, defendants substantially admitted the allegations of the complaint as to the agreement to pay eleven thousand five hundred dollars for certain work and materials, going further into the details thereof as to the work agreed to be performed by plaintiff, and also alleged certain particulars wherein plaintiff had failed to comply with his contract, and a failure on plaintiff's part to diligently prosecute the work, all to its damage in the sum of fifty thousand dollars. It denied the allegations as to extra work, and also denied that plaintiff had ever performed his contract. By way of cross-complaint, defendants alleged the contract between plaintiff and the corporation, by which plaintiff agreed to do the work of lathing and plastering said buildings for eleven thousand five hundred dollars, and his failure to properly or promptly perform his contract, to its damage in the sum of one hundred and one thousand five hundred dollars, for which sum judgment was asked.

The evidence showed without conflict that a portion of the work was undertaken on an express promise for the payment of said sum of eleven thousand five hundred dollars. The additional claim of one thousand one hundred and fifty dollars was for extra work not embraced in the original agreement. It was conceded by all parties on the trial that the contract for the work to be done for eleven thousand five hundred dollars was not wholly reduced to writing, or recorded as required by section 1183 of the Code of Civil Procedure, such section providing that "all such contracts shall be in writing when the amount agreed to be paid thereunder exceeds one thousand

dollars, and shall be subscribed by the parties thereto; and the said contract, or a memorandum thereof, . . . shall, before the work is commenced, be filed in the office of the county recorder of the county, or city and county, where the property is situated, . . . otherwise, they shall be wholly void, and no recovery shall be had thereon by either party thereto.'' In fact, the only writing signed by anybody was a bid written on a card and signed by plaintiff, as follows:

"$11500.

> Two coats of hair mortar
> 30c. per yard sand finish
> 27c per yard two coats of brown mortar
>
> "THOMAS MANNIX.''

There was some dispute in the trial court on the argument on motion for a nonsuit as to the effect of this section where the controversy is one between the owner and contractor only, no right of any third party being involved, and the matter is very fully discussed in the briefs of the parties in this court.

The decisions of this court in *Laidlaw* v. *Marye*, 133 Cal. 170, [65 Pac. 391], and *Congdon* v. *Donahue*, 160 Cal. 749, [118 Pac. 113], the latter of which was decided since the trial of this case, clearly enough declare the effect of the provisions of section 1183 of the Code of Civil Procedure, that we have quoted, as to the rights of the parties to a contract which has not been executed and filed in the manner prescribed thereby. It is unnecessary to discuss these decisions further than to say that in such event neither party may maintain any action based on such contract against the other; that the sole remedy of the contractor is an action for the reasonable value of the labor and materials furnished, which in no event must exceed the price fixed by the invalid contract, which must be taken as the utmost limit of his recovery; and that the contractor cannot recover at all without showing a substantial compliance with the terms of such attempted contract. The reasons for these conclusions are fully stated in the opinions in the cases last cited, and need not be repeated here.

It thus appears that the sole remedy of the plaintiff in this case, in so far as the labor and materials to be done and furnished for eleven thousand five hundred dollars are concerned, was an action for the reasonable value of the labor and materials furnished, in no event to exceed the price fixed, eleven

thousand five hundred dollars, which must be taken as the utmost limit of his recovery, and that he could not recover at all without showing a substantial compliance with the terms of the attempted contract.

It is earnestly contended by appellants that in so far as the labor and materials furnished under the invalid contract are concerned this is not an action for reasonable value at all, but one solely upon an express contract; that there is nothing in the complaint and no issue made by the pleadings as to reasonable value; and that plaintiff failing to show a valid express contract must fail altogether in this action because he has failed to allege in his complaint the reasonable value of such labor and materials. These views were urged by them in the trial court, the question being presented both on motion for nonsuit and by several requested instructions. The learned judge of the trial court decided against appellants upon this proposition, apparently upon the theory that as between the parties, no right of any third person being involved, there was a valid contract. As we have seen, this theory of the learned judge cannot be maintained, in view of our decisions.

While the district court of appeal of the third district in deciding this case expressed views similar to those we have just stated, it answered certain claims of appellants based thereon, as follows:

"The conclusion follows that respondent tried the case upon a wrong theory, but the inquiry still remains whether any prejudice resulted to appellants? This question involves a consideration of the pleadings, evidence, and instructions.

"The complaint, as we have seen, outside of the extra work, is based upon the express contract but, under such allegation, evidence was admissible of the reasonable value of the services. (*Bringham* v. *Knox,* 127 Cal. 40, [59 Pac. 198]; *Donegan* v. *Houston,* 5 Cal. App. 628, [90 Pac. 1073].) In the former it was held that 'The complaint for foreclosure of the claim of lien sufficiently alleges the value of the materials by alleging the contract price at which they are furnished in the absence of a demurrer for uncertainty.' In the latter, the allegation in the complaint was 'Now comes the plaintiff and says that within the last two years past, he did grading and excavating for the defendants, for which they agreed to pay

him the sum of six thousand one hundred seventy-three dollars.' The court held that the complaint was good *in debitatus assumpsit* and that recovery could be had thereunder on either an express or implied contract or both and that a *quantum meruit* or *quantum valebat* count was unnecessary.

"The erroneous theory as to the effect of the performance of the void contract was harmless as far as the evidence was concerned, since it appears without conflict that the contract price was the reasonable value of the work. If there had been substantial evidence that the value was less than claimed, then it is apparent that the theory apparently adopted by the lower court might have misled the jury and the following instruction would probably have been prejudicially erroneous: 'If you find from the evidence that plaintiff performed work and labor and furnished material to the R. L. Radke Company, at their request, in lathing and plastering certain buildings in San Francisco for which said corporation agreed to pay plaintiff $11,500, and that it has not paid him this amount in full, you are instructed that the plaintiff is entitled to recover any unpaid balance thereof from said R. L. Radke Company.' No effort was made, however, to show that the value was less than the contract price, the vital controversy between the parties being as to whether the contractor had performed the work for which he was employed."

We think that by what is said in the foregoing quotation from the opinion of the district court of appeal, that court properly disposed of the claims of defendants in the respects mentioned. (See, also, *Carpenter* v. *Furrey*, 128 Cal. 665, [61 Pac. 369]; *Coghlan* v. *Quartararo*, 15 Cal. App. 662, 667, [115 Pac. 664].) The record fully shows that there was not the slightest misunderstanding on the part of anybody at any time as to such facts in relation to this attempted contract as were material to the question of its validity and binding force. On all hands it was conceded that such contract had not been executed in the manner required by the statute, or filed in the recorder's office, as was required by the statute. The only question in the lower court in this regard was as to the effect of such failure. If by reason of the fact that the contract was not in writing and was not filed in the recorder's office, plaintiff was not entitled to recover on the *contract*, he was nevertheless entitled, unless his complaint was so drawn as to

prevent it, to recover the reasonable value of his labor and materials, not exceeding the contract price, in the event, of course, that he had substantially complied with the terms of the attempted contract, a thing essential to recovery under either theory. We think the district court of appeal was warranted in holding that he was not so precluded. As a matter of fact, there was evidence showing that the contract price was the reasonable value, and according to the opinion of the district court of appeal, this was in no way attempted to be controverted.

As to the claim that plaintiff did not substantially perform his part of the contract, the best that can be said for defendants' case is that the evidence is substantially conflicting, with the result that the conclusion of the jury and the trial court is binding upon all appellate courts.

As substantially stated by the district court of appeal, while there was much evidence to show that the workmanship was of a somewhat inferior grade, there was evidence to sustain a conclusion that the contract between these parties did not contemplate that first-class work ordinarily desired in permanent buildings. These buildings were commenced in the summer following the great conflagration of 1906. Office quarters sufficient to afford accommodations for those who had been burned out "down town" and who could not find adequate accommodations there until permanent structures were restored or reconstructed were then in immediate demand, and the answer itself shows that these wooden buildings outside of the fire limits were erected to meet this demand. There was sufficient evidence to support the conclusion that it was expressly stipulated that in so far as the plastering was concerned it was to be done as cheaply as possible, or, as plaintiff put it, it was to be "as cheap a job as could be done in the plastering line." In view of these circumstances, we think that the district court of appeal properly concluded that there was sufficient evidence to sustain the conclusion of the jury and the trial court that the terms of the contract were as plaintiff testified, and that he did substantially live up to his contract in the doing of the stipulated work.

The foregoing, as we look at the record, disposes of the important questions presented by this appeal. There are a great many points made for a reversal in addition to those we have

discussed. As we have somewhat hastily calculated, there are in the brief of counsel for appellants forty-one specifications of error in the rulings of the trial court in the matter of evidence, and sixty-seven in the matter of instructions, and errors are also alleged in regard to rulings on the demurrer and on the motion for new trial. We have considered the points there made and find nothing therein warranting a reversal. It is manifestly impracticable to discuss all these points in detail in this opinion. The instructions given by the court to the jury were, taken as a whole, fair and complete, and we find no prejudicial error therein. We find no error in the matter of rulings on evidence that we can fairly conclude was prejudicial. The same is to be said of the ruling on demurrer. The trial court was fully warranted, in the light of the evidence presented to it on that question, in denying the motion for new trial in so far as the same was based on the ground of misconduct of jurors.

The judgment and order appealed from are affirmed.

Beatty, C. J., does not participate in the foregoing.

Rehearing denied.