[Crim. No. 562.    First Appellate District.—January 13, 1915.]

## THE PEOPLE, Respondent, v. JOHN SOULEOTES, Appellant.

CRIMINAL LAW—RAPE—SUFFICIENCY OF INFORMATION—CLERICAL MIS-
TAKE—WAIVER OF OBJECTION.—In a prosecution for the crime of
rape where the information instead of averring that the offense was
committed upon the person of the minor "not being then and there
*the* wife of said John Souleotes" alleged "not being then and there
*with* wife of said John Souleotes," there being no demurrer or other
objection to the sufficiency in form of the information until after
the defendant's conviction, the objection to the information was
waived, as the substitution of the word "with" for "the" was a mere
clerical misprision by which defendant was not misled and to
which he should have demurred.

ID.—EVIDENCE—WIFE OF DEFENDANT—DISQUALIFICATION OF AS WITNESS.
In such a case it was prejudicial error to require the minor girl
who was the subject of the alleged crime to be sworn to testify as
a witness against the defendant, over the latter's objection, where
it was shown that a marriage ceremony had been performed be-
tween the defendant and her after the arrest of the former, but
before the trial, although the girl at the time of the marriage was
only a little over fourteen years of age, the marriage having been
regularly solemnized with the consent of her mother.

ID.—MARRIAGE OF MINOR—CONSENT OF PARENT—VALIDITY OF.—At com-
mon law the marriages of minors below the age of consent were not
void but merely voidable and this rule has not been changed by
our code; and under sections 69 and 82 of the Civil Code where
the marriage of a minor is regularly solemnized with the consent
of the parent or guardian it is not even voidable but is valid.

APPEAL from a judgment of the Superior Court of
the City and County of San Francisco and from an order
refusing a new trial.    George H. Cabaniss, Judge.

The facts are stated in the opinion of the court.

Johnson & Schuhl, for Appellant.

U. S. Webb, Attorney-General, and John H. Riordan,
Deputy Attorney-General, for Respondent.

THE COURT.—This is an appeal from a judgment of con-
viction of the crime of rape.

Two points are made upon the appeal. The first is that the information is fatally defective in the following respect: Instead of averring that the offense was committed upon the person of the minor "not being then and there *the* wife of said John Souleotes"; its words are "not being then and there *with* wife of said John Souleotes." There was no demurrer or other objection to the sufficiency in form of the information until after the defendant's conviction. We think the point made for the first time after conviction is without merit. The substitution of the word "with" for "the" was a mere clerical misprision by which the defendant could not have been misled, and to which he should have demurred. Not having done so, he must be held to have waived the objection.

The second point made by the appellant is that the court erred in overruling the defendant's objection to the action of the court in requiring the minor girl who was the subject of the alleged crime to be sworn, and to testify as a witness against the defendant, it appearing to the court in support of the objection, that a marriage ceremony had been performed between the defendant and the said minor after the arrest of the former but before the trial, and that by virtue thereof they were at the time she was called as a witness, husband and wife. It is conceded that the minor girl at the time of her said marriage was of the age of a little over fourteen years, and hence below the age of consent, but it is also shown that the marriage was otherwise regularly solemnized with the consent of the mother of the said minor. The question is, Was such a marriage void, voidable, or valid? If either voidable or valid it would necessarily follow that the trial court erred in compelling the witness to testify.

It seems clear that the marriage is not void, but at most voidable. At common law the marriage of minors below the age of consent was merely voidable. (2 Nelson on Divorce and Separation, secs. 721 to 725, and notes.) The well-established rule of the common law in this regard has not been expressly changed by our code. There are but three kinds of marriage which are expressly declared to be void by the terms of the Civil Code. This is not one of them, but on the contrary the fact that a minor has been married when below the age of consent is made a ground for annulment under the provisions of section 82 of the Civil Code, under the terms of which

a strong inference arises that the rule of the common law has not been changed, and that such marriages are merely voidable.

In addition to this, a reading of section 69 of the Civil Code, providing for the consent of the parent or guardian to the marriage of a minor, will show that such consent may be given when the minor girl is below the age of eighteen years, but without further limitation upon the time within which such consent is required in order to validate the marriage of the minor. When sections 69 and 82 of the Civil Code are read together, they would seem to justify the conclusion that the consent of the parent may be given to the marriage of the minor below the age of legal consent, and that when the marriage of such minor is otherwise legally solemnized it is not even a voidable marriage. This being so, it follows necessarily that the court was in error in compelling the wife of the defendant to be a witness against him.

The judgment and order are reversed and the cause remanded for a new trial.