[L. A. No. 4024. Department Two.—September 17, 1917.]

ATCHISON, TOPEKA AND SANTA FE RAILWAY COMPANY (a Corporation), Respondent, v. GEORGE W. WEST, Appellant.

CONTRACT—RAILROAD CONSTRUCTION—FAILURE TO RECORD—RECOVERY OF OVERPAYMENT.—Overpayments made by a railroad to a contractor for work and labor on railroad construction in excess of the price fixed by a written contract may be recovered by the railroad from the contractor notwithstanding the fact that the contract is void for failure to record the same.

PAYMENT BY MISTAKE—SUFFICIENCY OF EVIDENCE.—Where, in a suit by a railroad to recover money paid to a contractor in excess of a contract price, it appeared that a division engineer employed by the railroad had fraudulently decreased in his estimates the number of yards of earthy material removed which was to be paid for at twenty cents a yard and increased the number of yards of harder material, which was to be paid for at a higher rate, and the voucher clerk, either through fraud or collusion, did not call the discrepancy to the attention of the chief engineer, to whom he forwarded the estimates for approval, the evidence was sufficient to establish a payment by mistake or through fraud.

ID.—DECISION OF UMPIRE—FRAUD.—Although a contract for railroad construction provided that the chief engineer of the company should be the final umpire in all questions which might arise relative to the work done, a decision of the chief engineer, induced by fraud or collusion on the part of a subordinate engineer and a voucher clerk of the railroad, is not conclusive.

APPEAL from a judgment of the Superior Court of San Bernardino County, and from an order denying a new trial. Benjamin F. Bledsoe, Judge.

The facts are stated in the opinion of the court.

Anderson & Anderson, and Charles L. Allison, for Appellant.

E. W. Camp, U. T. Clotfelter, W. M. Reed, C. H. Van Cott, and Leonard & Surr, for Respondent.

HENSHAW, J.—Plaintiff charged that it entered into a contract with defendant for the doing of certain work on its railroad right of way. This work, in general terms, was to widen cuts and fills. The doing of it necessitated upon the part of the contractor the movement of materials of different character—earth, cemented material, and solid rock. These materials were measured by the cubic yard. The contractor was to receive different prices for the handling of the different materials. Thus the softer earth of the embankment was to be paid for at twenty cents, and the hardpan of the embankment at thirty-two cents per cubic yard. "Extra cement material" was to be paid for at sixty-two cents per cubic yard. Solid rock was to be paid for at seventy-five cents per cubic yard. In different causes of action plaintiff charged overpayments to its contractor on account of the work which he had performed. In some of these causes of action the charge of overpayment was based upon mutual mistake; in others upon fraud perpetrated upon plaintiff by the defendant and by the engineer employed by plaintiff to make estimates of the amount and character of the work done by defendant. The total amount thus overpaid defendant by plaintiff was alleged to be $22,797. The cause was tried before a jury, which returned its verdict in favor of the plaintiff in the sum of ten thousand dollars. On this verdict judgment was entered in favor of plaintiff, and from that judgment and from the

order of the court refusing to grant his motion for a new trial defendant appeals.

Broadly speaking, the evidence of plaintiff established its system of work and payments therefor. The plaintiff employed division engineers, and in the division of one of them, Bradley, the work here in question was performed. This division engineer (and others) reported to Mr. Arey, engineer of grand division, who, in turn, reported to Mr. Phillips, chief engineer. It was the duty of the division engineer, Mr. Bradley, to forward to Mr. Arey at the end of each month a statement of the amount and character of the work performed. If Mr. Arey was dissatisfied with this report in any particular and saw fit to revise or change it in any material respect, it became his duty to advise the chief engineer, Mr. Phillips, of this difference of view between himself and his division engineer. Differences did arise between Mr. Bradley and Mr. Arey. These differences resulted in changes made in Mr. Bradley's estimates of the character of the material moved, with the result, generally speaking, that Mr. Arey decreased the number of cubic yards of the earthy material, which was to be paid for at twenty cents per cubic yard, and largely increased the estimates of rock, cemented material, and hardpan. Mr. Arey was the brother-in-law of the contractor, defendant West, and they were in communication with each other upon the subject of this work. Mr. Arey did not adopt the uniform and required practice of consulting with his chief engineer, Mr. Phillips, over these differences between himself and Mr. Bradley, but forwarded his estimates to the voucher clerk, who through fraudulent collusion or through gross mistake himself did not call the chief engineer's attention to any differences or discrepancies, but presented in the form of regular vouchers Mr. Arey's estimates thus made, for the chief engineer's approval. Thus they were approved. The further evidence of the plaintiff went to establish, and to the satisfaction of the jury did establish, plaintiff's contention and the correctness of Mr. Bradley's estimates as to the character of the material moved by the contractor.

We have, for the purposes of the legal considerations, thus sufficiently outlined the nature of the evidence. Appellant's first contention is that as the written contracts under which he did the work were not recorded, they were void in law and cannot be made the basis of any recovery. This contention,

however, is in direct opposition to all adjudications. (*Laidlaw* v. *Marye*, 133 Cal. 170, [65 Pac. 391]; *Sullivan* v. *California R. Co.*, 142 Cal. 201, [75 Pac. 767]; *Condon* v. *Donohue*, 160 Cal. 749, [118 Pac. 113]; *Mannix* v. *R. L. Radke Co.*, 166 Cal. 333, [136 Pac. 52].) The gravamen of this action lies in the mistake whereby the contractor was paid over and above the contract price. It has ever been held that notwithstanding the declaration of the law that for nonrecordation such a contract is void, yet the contract price measures the contractor's right of recovery. Here we have the reverse of the proposition. The contract price equally measures the amount which the contractor is entitled to retain. Appellant next contends that the contracts were incomplete, inchoate, and therefore of no legal efficacy. The contracts are of considerable length. A setting of them forth would establish their completeness and the unsoundness of appellant's contention in this regard. He signed them; he did his work under them; no other question is presented save whether or not he was overpaid under the plain and unambiguous terms of the contract. This should suffice without exemplification of the contracts in full.

Next, appellant contends that the evidence is insufficient to show any mistake. We have sufficiently outlined the character of the mistake. Indeed, it is but kindness to call it a mistake, since the evidence very clearly establishes a fraud upon the part of Arey and the voucher clerk, which fraud, however, was not with sufficient directness made chargeable against the defendant. Appellant's argument in this respect is that the contracts made the chief engineer "the final umpire in all questions which may arise relative to work done under this contract." Then follow aspersions upon the competency and credibility of this chief engineer, the like of which this court regrets to say are of all too frequent occurrence in the briefs presented by appellant's counsel. Thus it is said that the chief engineer "seeks to evade his responsibilities in the premises by a claim of gross carelessness and utter incompetence on his part—a claim fully justified in every possible particular if his testimony is worthy of any credence whatever by any tribunal of ordinary intelligence." It is then argued that by reason of this asserted incompetency the chief engineer delegated full authority to Mr. Arey to pass judgment upon these matters, and that Mr. Arey having done

so, his judgment is final. The brief statement of facts which we have heretofore made wholly disposes of such a contention.

Appellant complains of the refusal of the court to give instructions which were to the effect that as under the contracts the chief engineer of the company was the final umpire in all questions which might arise relative to the work done, and as he had approved the vouchers in payment for the work done, his action was final and conclusive upon the parties. It scarcely needs the citation of authority to support the declaration that the binding effect of such an umpire's decision is wholly vitiated by fraud, and that while the chief engineer actually approved these vouchers by mistake, that mistake was induced by the deliberate misconduct amounting to fraud of the engineer Arey and the voucher clerk Graham. The instructions were therefore properly refused.

For these reasons the judgment and order appealed from are affirmed.

Melvin, J., and Lorigan, J., concurred.