[Civ. No. 4045. Second Appellate District, Division Two.—June 16, 1923.]

## LAUREL V. WEST (an Infant), Appellant, v. LENA MAY WEST, Respondent.

[1] MARRIAGE—WANT OF LEGAL AGE—COHABITATION—ANNULMENT.— Plaintiff, having been under the age of eighteen years at the time of his marriage, which was contracted without the consent of his parents, who were the only persons then having charge of him, and he and defendant never having cohabited together after he attained the age of eighteen years, was entitled to have the marriage annulled, under section 82 of the Civil Code, notwithstanding his parents, after learning of the marriage, encouraged him and defendant to continue living together as man and wife and two children were born to them.

APPEAL from a judgment of the Superior Court of San Bernardino County. J. W. Curtis, Judge. Reversed.

The facts are stated in the opinion of the court.

1. Effect of parents' consent on validity of marriage of persons of nonage, notes, 22 L. R. A. (N. S.) 1202; L. R. A. 1916C, 740.

Validity of minor's marriage without consent of parents or guardian required by statute, note, 17 Ann. Cas. 94.

Daley & Byrne for Appellant.

Chas. L. Allison and David W. Richards for Respondent.

CRAIG, J.—By this action plaintiff seeks to annul his marriage with defendant. The appeal is by the plaintiff on the judgment-roll alone. [1] The findings and facts admitted by the pleadings, among other things, show that the parties were married on the 7th of November, 1917, at which time the said Laurel V. West was under the age of eighteen years, and had no guardian other than his parents in whose custody and under whose control he then was; that the parents had no knowledge of the marriage and did not consent to it; that subsequent to the marriage two children were born to the parties; that after the plaintiff attained the age of eighteen years he and the defendant never cohabited together. The further fact appears that the plaintiff's parents after learning that the marriage had been duly solemnized, encouraged the plaintiff and defendant to continue living together as man and wife.

On these facts the superior court rendered judgment in favor of the defendant. Section 82 of the Civil Code provides: "A marriage may be annulled for any of the following causes, existing at the time of the marriage: First, that the party in whose favor it is sought to have the marriage annulled was under the age of legal consent, and such marriage was contracted without the consent of his or her parents or guardian, or other person having charge of him or her; unless, after attaining the age of consent, such party for any time freely cohabited with the other as husband and wife." The instant case comes squarely within this section. The plaintiff at the time of the marriage was under the age of legal consent and the marriage was contracted without the consent of his parents, who were the only persons then having charge of him. Under these circumstances, the code expressly provides that the marriage may be annulled upon application of the infant unless, "after attaining the age of consent such party, at any time freely cohabit with the other as man or wife." The facts do not bring the case within this exception. It is obvious that acquiescence or even express consent of the parents after the marriage has been con-

tracted is ineffectual to render the marriage valid. The authority of the parents in the matter of giving consent to the marriage of their infant child is conferred, and also by the statute. This marriage became voidable immediately upon solemnization, and could become binding only in case the plaintiff had freely cohabited with the defendant after attaining the age of consent.

The judgment is reversed.

Finlayson, P. J., and Works, J., concurred.