[Civ. No. 3118.   Third Appellate District.—July 20, 1926.]

## BERTHA MAYE CAMPBELL, Appellant, v. JAMES STANLEY CAMPBELL, Respondent.

[1] MARRIAGE—ANNULMENT—MINORS—AGE OF CONSENT—SECTION 82, CIVIL CODE.—A marriage contracted by an adult with a minor is not void *ab initio,* but voidable only, and cannot be annulled by the adult, but by the party who, at the time of the marriage, was under the age of legal consent as provided in subdivision 1 of section 82 of the Civil Code.

[2] ID. — DEFAULT — PLEADING — APPEARANCE — RELIEF — APPEAL.—In an action for annulment of marriage on the ground of insufficient age of defendant, where, after entry of default, defendant filed an answer admitting the allegations of the complaint and asking for an annulment, but was not present nor represented at the trial and did not appeal or file a brief on appeal, the plaintiff cannot urge on appeal that the trial court should have granted relief to defendant.

(1) 38 C. J., p. 1305, n. 53, 54, 56, p. 1353, n. 95.   (2) 4 C. J., p. 692, n. 87.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Ira F. Thompson, Judge.   Affirmed.

The facts are stated in the opinion of the court.

Frank G. Falloon for appellant.

Foster & Godward for Respondent.

NEEDHAM, J., *pro tem.*—This is a suit brought by a wife, an adult, against her husband, a minor, to have her marriage to the minor husband annulled.   Defendant appeared by his guardian *ad litem* and admitted the allegations of the complaint and prayed for like relief.

The record shows that the case came on regularly for trial on February 19, 1924, the plaintiff appearing by counsel,

---

1.   Annulment of marriage of minor, notes, 17 Ann. Cas. 94; 22 L. R. A. (N. S.) 1202; L. R. A. 1916C, 740.   See, also, 18 R. C. L. 441.

"the defendant not being present and not being represented," etc.  The court found the facts as follows:

"I.  That plaintiff and defendant are residents of the County of Los Angeles, State of California; that a Marriage License was issued to them on June 12th, 1922, by the County Clerk of San Bernardino County, California, and that they thereafter, and pursuant to said Marriage License, went through a marriage ceremony.

"II.  That at the time of said ceremony, defendant was under the age of twenty-one years, and he did not then and there, or at all, have the consent, either verbally or written, of either one of his parents or of his guardian to said marriage, and no written consent of any kind, character or nature whatsoever was filed with the County Clerk of San Bernardino County at the time of issuing the Marriage License under which said marriage was solemnized.

"III.  That the parties hereto have not cohabited or lived together since August 1st, 1922; that defendant will not be twenty-one years of age until March 5th, 1924."

And as conclusions of law from the foregoing facts, the court concludes:

"I. That plaintiff does not have the right to bring this action.

"Wherefore, it is ordered, adjudged and decreed that plaintiff is denied relief, and said action is hereby dismissed."

This is an appeal upon the judgment-roll.  The respondent has filed no brief.  Appellant has filed a very short brief of only three pages.

The findings above quoted show that at the date of marriage, June 12, 1922, the defendant husband was under twenty-one years of age, but over eighteen years of age, and that no written consent was filed with the clerk issuing the marriage license, and that at the time of the trial of the case the defendant was under twenty-one years of age.

The court evidently denied plaintiff relief on the theory that subdivision one of section 82 of the Civil Code prevented plaintiff from instituting the case.

Subdivision one of section 82 of the Civil Code, which has remained substantially unchanged since enactment in 1872, reads:

"82. Causes for annulling marriages.  A marriage may be annulled for any of the following causes, existing at the time of the marriage:

"One.  *That the party in whose behalf it is sought to have the marriage annulled* was under the age of legal consent, and such marriage was contracted without the consent of his or her parents or guardian, or person having charge of him or her; unless, after attaining the age of consent, such party for any time freely cohabited with the other as husband or wife."  (Italics ours.)

The plaintiff is, of course, "the party in whose behalf it is sought to have the marriage annulled," and she was *not* "under the age of legal consent," etc., at the time of the marriage, as the findings above quoted show, and it would seem that the action of the trial court was proper and should be upheld, if subdivision one of section 82 of the Civil Code is to be given full force and effect.

Section 80 of the Civil Code treats of void marriages and reads: "80.  Void marriages.  Either party to an incestuous or void marriage may proceed, by action in the Superior Court, to have the same so declared."

Section 69 of the Civil Code deals with marriage licenses and, among other matters, contains the following: "If the male is under the age of twenty-one years, or the female is under the age of eighteen years, and such person has not been previously married, no license must be issued by the county clerk unless the consent in writing of the parents of the person under age, or one of such parents, or of his or her guardian, is presented to him, duly verified by such parents, or parent, or guardian; and such consent must be filed by the clerk, and he must state such facts in the license. For the purpose of ascertaining all the facts mentioned or required in this section, the clerk, at the time the license is applied for, may if he deems it necessary in order to satisfy himself as to matters in this section enumerated, examine the male applicant for a license on oath, which examination shall be reduced to writing by the clerk, and subscribed by him."  (Amendment approved 1907, Stats. 1907, p. 305.)

Prior to an amendment approved May 23, 1921, section 56 of the Civil Code read: "56.  Capability of minors to contract marriage.  Any unmarried male of the age of twenty-

one years or upwards and any unmarried female of the age of eighteen years or upwards, and not otherwise disqualified, is capable of consenting to and consummating marriage."

By an amendment approved May 23, 1921, the following was added to section 56 of the Civil Code: "Provided, that any male under the age of twenty-one years and over the age of eighteen years and any female under the age of eighteen years and over the age of sixteen years, with the consent in writing of the parents of the person under age, or one of such parents, or of his or her guardian, where such written consent is filed by the clerk issuing the marriage license, as provided in section sixty-nine of the Civil Code, is capable of consenting to and consummating marriage." (See Stats. 1921, p. 333.)

It will be seen that the amendment to section 56 of the Civil Code, adopted May 23, 1921, raised the ages of parties *"capable of consenting to and consummating marriage"* from eighteen to twenty-one years in males, and from fifteen to eighteen years in females, and also added the proviso above set forth.

The appellant contends that the addition of the proviso by the amendment of May 23, 1921, to section 56 of the Civil Code, the legislature intended to make void *ab initio* the marriage of a male under the age of twenty-one and a female under the age of eighteen, *unless* the consent in writing of the parents of the person under age is filed with the clerk issuing the marriage license, and therefore, as such a marriage is absolutely void, either party can have such a marriage so declared.

We do not think the legislature intended such a result. We think the purpose of the proviso added to section 56 of the Civil Code in 1921 was to raise the age of consent of a female from fifteen to sixteen years, and was a re-enactment in legal effect of the portion of section 69 of the Civil Code relative to the issuing of marriage licenses.

A construction that such language does not make a marriage so contracted void is in harmony with the weight of authorities. In 38 Corpus Juris, page 1305, it is there stated: "By statutes now in force in practically all the states the consent of parent or guardian is required to the marriage of an infant, but the general rule is that, unless

the statute *expressly declares* a marriage contracted without the prescribed consent to be a nullity, it is to be construed as only *directory* in this respect, so that this marriage will be valid, although the disobedience to the statute may entail penalties on the licensing or officiating authorities.'' Citing authorities, including *In re Ambrose,* 170 Cal. 160 [149 Pac. 43].

The same doctrine is stated in California Jurisprudence, volume 16, page 913, where it is stated: ''The marriage of a minor below the age of consent is voidable only.'' Citing *People* v. *Souleotes,* 26 Cal. App. 309 [146 Pac. 903].

To the same effect is the leading case of *People* v. *Pizzura,* 10 A. L. R. 405, and notes. See, also, for very full discussion, 3 Am. Ruling Cases, page 64, in the case of *State ex rel. Scott* v. *Lowell,* 78 Minn. 166 [79 Am. St. Rep. 358, 46 L. R. A. 440, 80 N. W. 877], and where many notes will be found, especially note on Infancy, page 71.

''A statute providing at what ages marriage may be entered into will not change the common law rule, and statutes *prohibiting* a marriage under an age specified, in the absence of an express declaration that it should be void, are commonly held directory merely, and the contract not void, but voidable.'' (2 Schouler on Marriage and Divorce, 2d ed., sec. 1122.)

In section 1123 of the same volume is found the following: ''Where one of the parties is under the age fixed by the statute, but is competent by the common law, the marriage is not void, but merely voidable and is valid until annulled.''

While the foregoing states the general rule, there is authority to the contrary. (See Keezer on Marriage and Divorce, 2d ed., p. 150, sec. 199, citing *Johnson* v. *Alexander,* 39 Cal. App. 117 [178 Pac. 297].) This case holds that a marriage is neither void nor voidable because of the failure of the county clerk to obtain consent of the parent in issuing a license to a female under the age of eighteen years, and decides an annulment of a marriage of a female is possible under subdivision one of section 82 of the Civil Code only when she was under the age of fifteen at the time of the marriage and the consent of her parents or guardian had not been previously obtained. This decision was handed down in December, 1918.

But in June, 1923, in the case of *West* v. *West*, 62 Cal. App. 541 [217 Pac. 567], the appellate court, second appellate district, division two, speaking through Mr. Justice Craig, decided that a male under the age of eighteen at the time of marriage, which was contracted without the consent of his parents or guardian, and he and the defendant never having cohabited together, after he attained the age of eighteen years was entitled to have the marriage annulled under section 82 of the Civil Code. (See, also, notes in 17 Ann. Cas. 94; 22 L. R. A. (N. S.) 1202; L. R. A. 1916C, 740.)

[1] It will thus be seen that upon reason and the great weight of authority a marriage contracted by an adult with a minor is not void *ab initio* under our statutes, but voidable only, and cannot be annulled by the adult, but by the party who, at the time of the marriage, was under the age of legal consent as provided in subdivision one of section 82 of our Civil Code.

[2] The appellant contends that as the defendant (respondent minor) filed an answer admitting all the allegations of appellant's complaint and prayed for the same relief, that such answer was in effect a cross-complaint, seeking annulment, and that appropriate relief should have been granted. But the record shows that the default of defendant was entered December 28, 1923. Subsequently, however, on February 8, 1924, the defendant filed an answer. Thereafter, upon the day the case was tried, the record shows: "The defendant not being present and not being represented."

The defendant took no appeal and he has filed no brief in the case upon appeal. Under such a state of the record the plaintiff and appellant cannot be heard to complain and urge that the court should have granted relief to the defendant and respondent.

For reasons stated the judgment is affirmed.

Plummer, J., and Finch, P. J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 16, 1926.