Hillsborough, } No. 3622.
Dec. 3, 1946. }

RITA NADEAU SIROIS, *by her mother and next friend.*

*v.*

THOMAS SIROIS.

*Edward J. Lampron,* for the plaintiff.

*Thomas J. Leonard,* for the defendant.

MARBLE, C. J. "The marriage status both in its creation and destruction is of great importance not only to the individual, but also to the state where he makes his home." Goodrich, "Jurisdiction to Annul a Marriage," 32 Harv. Law. Rev. 806, 812. And while the law of the place where the ceremony is performed has an interest in the validity of the ceremony, it has none "in the intrinsic validity of the status, unless the status is to be enjoyed there." Taintor, "What Law Governs Status of Marriage," 19 B. U. Law Rev. 353, 368.

The authority of a state to decide what marriages it will recognize is beyond question, and if the parties to a marriage contract are both domiciled in a particular state and marry in another state, intending to return, and do return, to the state of their domicile to make a home there, the domiciliary state has a substantial interest in the marriage (19 B. U. Law Rev. 367), and if it is repugnant to the public policy of the domiciliary state, that state, through its courts, has the power to annul it. *Cunningham* v. *Cunningham,* 206 N. Y. 341. "This domiciliary policy may be found in the common law or in a local statute." 2 Beale, Conflict of Laws, 678.

The statute here involved (Laws 1923, *c.* 108, *s.* 1; R. L., *c.* 338, *s.* 5) is as follows: "The age of consent shall be in the male, twenty years and in the female, eighteen years. Any marriage contracted by a person below the age of consent, except as hereinafter provided, may in the discretion of the superior court be annulled at the suit of the party who at the time of contracting such marriage was below the age of consent, or at the suit of his or her parent or guardian, unless such party after arriving at such age shall have confirmed the marriage."

Until the enactment of the present statute in 1923, the age of consent was below that now required, and unconsenting parents were given no right of action to annul the marriage. Laws 1907, *c.* 80, *s.* 2. We believe that the policy expressed in the statute as amended in 1923 and as it now exists is strong enough to overcome any public interest there may be in upholding the validity of marriages.

It can hardly be said that the law encourages persons below the age of consent to marry, and if there is any public policy against

the annulment of a marriage where the parties, being under age, have evaded the law of their domicile, it is founded presumably on the general desire that the children of the marriage shall not be bastardized. There is little danger of this result, however, since the granting of the decree of annulment rests in the discretion of the court.

Furthermore, it is suggested that although the decree terminates the marital status, "the existence of that status between marriage and annulment continues a factor even after annulment in determining the legal effect of all that occurred during that period." 43 Harv. Law Rev. 109, 111. And since a voidable marriage is valid until avoided, the children born of such marriage before it has been annulled can fairly be deemed to have been born in wedlock.

The Superior Court has jurisdiction to entertain the petition.

*Case discharged.*

All concurred.