[Civ. No. 23403. Second Dist., Div. Three. Feb. 5, 1959.]

VAUGHN A. TURNER, Appellant, v. CLIFFORD H. TURNER et al., Respondents.

Baird, Mooney & Baird and LeRoy C. Labarre for Appellant.

No appearance for Respondents.

VALLÉE, J.—Appeal by plaintiff from an adverse judgment in a suit to have the written consent of the parent to the marriage of a minor under the age of 18 years canceled on the ground of fraud and to have the marriage annulled.

The facts are undisputed. Plaintiff Vaughn A. Turner is the father of defendant Clifford H. Turner. Clifford was born on December 29, 1939. Clifford and Marcella E. Gilbert sought the consent of plaintiff to their marriage. They represented to him that they had "got" married in Tijuana,

that they had to get married because Marcella was pregnant, and that ''Clifford was the father.'' On October 8, 1957, plaintiff gave his written consent to the marriage of Clifford to Marcella. The representation that Clifford and Marcella had been married in Tijuana was false. Marcella was pregnant. The representation that Clifford was the father of the unborn child was false. Marcella had been pregnant about seven months at the time Clifford first met her. He did not have intercourse with her prior to the marriage. Clifford knew at the time he made the representations to his father that they were not true. Plaintiff relied on the false representations in giving his consent to the marriage. He would not have given his consent had he known the representations were false. The written consent was filed with the county clerk of the county of Los Angeles and he issued a license.

Clifford and Marcella were married on October 15, 1957. Thus Clifford was under the age of 18 years at the time of the marriage. A child was born to Marcella on December 23, 1957. The birth certificate gives the name of the child as ''Kathleen Martha Belden,'' the name of the father as ''James Taylor Belden,'' Marcella's name as ''Marcella E. Belden,'' and it was signed ''Marcella E. Belden.''

The complaint prayed for judgment declaring: that Clifford is not the father of the child born December 23, 1957; that the written consent of plaintiff to the marriage is null and void; and that the marriage is null and void. The defendants Clifford and Marcella defaulted. The court found that the consent of the father should not be canceled and that plaintiff is not entitled to an annulment of the marriage. The judgment was merely that plaintiff is not entitled to annul the marriage of defendants and that a decree of annulment is denied. Plaintiff appeals.

Plaintiff contends that on the undisputed facts he was entitled to the relief prayed for. We have concluded his contention must be sustained.

■ A male under the age of 18 years is incapable of contracting a binding marriage without the written consent of one of his parents and court approval. Civil Code, section 56, provides that any male under the age of 18 years, with the consent in writing of one of his parents, where such written consent is filed with the clerk issuing the license, ''and where, after such showing as the superior court may require an order of said superior court is made, granting permission to said person to marry, *is capable of consenting to*

*and consummating marriage."* (Emphasis ours.) Civil Code, section 69, provides that the license to marry must show the ages of the parties and "If the male is under the age of 21 years, or the female is under the age of 18 years, and such person has not been previously married, no license may be issued by the county clerk unless both parties are capable of consenting to and consummating marriage as provided for in Section 56 of this code and such consent or consents must be filed by the clerk, and he must state such facts in the license."

■ We have a clear case of fraud: the representations were as to material facts; they were false and known to be false by the parties making them; they were made with the intent to induce plaintiff to sign the consent to the marriage; they were relied on by plaintiff; plaintiff was misled and deceived and induced to act by them; in acting, plaintiff was ignorant of the falsity of the representations and reasonably believed them to be true. (23 Cal.Jur.2d 27, § 11.)

■ Fraud vitiates all transactions into which it enters. (*Atchison etc. Ry. Co.* v. *West,* 176 Cal. 148, 152 [167 P. 868]; *Millar* v. *Millar,* 175 Cal. 797, 801-804 [167 P. 394, Ann.Cas. 1918E 184, L.R.A. 1918B 415].) ■ Free consent is an indispensable element of every transaction. There is no real or free consent when it is obtained through fraud; consent, clouded by fraud, is not legal consent. (Civ. Code, § 1567; *Butler* v. *Collins,* 12 Cal. 457, 463.) ■ Free consent of a parent to the marriage of a male under the age of 18 years is essential to the very existence of a nonvoidable marriage.

*In re Barents,* 99 Cal.App.2d 748, says (p. 750 [222 P.2d 488]):

"Responsive to the need for legislative action our Legislature has from the earliest years of statehood provided a statutory plan whereunder adoptions could be carried out. A fundamental requisite has always been the consent of the parent or parents entitled to the custody of the child and charged with the duties of caring for it. As was said by the Supreme Court in *Matter of Cozza,* 163 Cal. 514, 522 [126 P. 161, Ann.Cas. 1914A 214]:

" ' . . . Consent lies at the foundation of statutes of adoption, and under our law this consent is made absolutely essential to confer jurisdiction on the superior court to make an order of adoption, unless the conditions or exceptions exist specially provided by the statute itself and which render such

consent of the parents unnecessary. Unless such consent is given, or, for the exceptional causes expressly enumerated is dispensed with, the court has no jurisdiction in the matter.'

"The state in its position of *parens patriae* is of course charged with a continuing interest in the welfare of children within its borders and our state has surrounded the matter of their custody and care, including their adoption, with many protective statutory laws. With regard to adoption, the statutory scheme is complete and detailed and the requisite of consent has been carefully preserved and is general, except where statutorily defined exceptions exist." (Also see *Arnold* v. *Howell,* 98 Cal.App.2d 202, 206 [219 P.2d 854].) The same reasoning applies to the statutory requirement of the written consent of one of the parents to the marriage of a minor. It follows that the consent given by plaintiff was not free and voluntary; it was not the consent required by section 56. Consequently, Clifford was married without the consent of his parent.

A consent which is not free is nevertheless not absolutely void; it is voidable and may be rescinded by the party giving the consent. (Civ. Code, § 1566.) Since the consent to the marriage was obtained by fraud, the marriage is voidable. (*Estate of Gregorson,* 160 Cal. 21, 25-26 [116 P. 60, Ann.Cas. 1912D 1124, L.R.A. 1916C 697]; *Easterly* v. *Cook,* 140 Cal.App. 115, 121 [35 P.2d 164]; *People* v. *Souleotes,* 26 Cal.App. 309, 310-311 [146 P. 903].)

The written consent given by plaintiff may be canceled. Civil Code, section 3412, provides:

"A written instrument, in respect to which there is a reasonable apprehension that if left outstanding it may cause serious injury to a person against whom it is void or voidable, may, upon his application, be so adjudged, and ordered to be delivered up or canceled."

The remedy thus afforded manifestly includes fraud; and if the facts are proved, a case is established. (*Hironymous* v. *Hiatt,* 52 Cal.App. 727, 731 [199 P. 850].) The injury referred to in section 3412 is not limited to pecuniary loss; it may be the alteration of one's position to his prejudice. It is not necessary to allege or prove any pecuniary loss so long as the record indicates there was injury or prejudice resulting from the fraud. (9 Cal.Jur.2d 545, § 15.) It is sufficient to show that the plaintiff is in a worse position than he otherwise would have been. (*Costello* v. *Roer,* 77

Cal.App.2d 174, 179 [175 P.2d 65].) In *Vulcan Fire Ins. Co.* v. *Jorgensen*, 33 Cal.App. 763, 767 [166 P. 835], it was held that misrepresentations that a certain bank president was to be connected with plaintiff company "are sufficient to entitle the subscriber to rescind, without proof of pecuniary damage suffered." The court observed that this rule "is well settled." This language was quoted with approval in *Munson* v. *Fishburn*, 183 Cal. 206, 218 [190 P. 808].

That plaintiff altered his position to his prejudice by giving his consent to the marriage is patent. ▪ The purpose of a statute providing that a marriage license shall not be issued to a person under age without the consent of a parent is to permit the parent to exercise control and discipline over a child until marriage and to that end prevent him, if possible, from contracting an ill-advised marriage. (*Lundstrom* v. *Mample*, 205 Minn. 91 [285 N.W. 83, 84].) The father and mother of a legitimate unmarried minor child are entitled to its custody, services, and earnings. (Civ. Code, § 197.) ▪ The right of a fit and proper parent to his child's custody is somewhat in the nature of a property right, and is paramount, in a sense, to the child's theoretical welfare and best interests. (*Shea* v. *Shea*, 100 Cal.App.2d 60, 65 [223 P.2d 32].) A parent entitled to the custody of a child has a right to change his residence. (Civ. Code, § 213.) ▪ The parents are the natural guardians of their child, and are responsible to the state for the child's well-being. (37 Cal.Jur.2d 145, § 7.) ▪ The parent has authority to control the child, and to administer restraint and punishment, in order to compel obedience to reasonable and necessary directions. (*People* v. *Curtiss*, 116 Cal.App.Supp. 771 [300 P. 801].) The authority of a parent ceases on the marriage of a child. (Civ. Code, § 204.)

▪ A marriage entered into by a male under the age of 18 years without the written consent of one of his parents is subject to annulment at the instance of his parent. (*West* v. *West*, 62 Cal.App. 541, 542-543 [217 P. 567]; *West* v. *West*, 68 Cal.App. 258 [228 P. 1115]; 16 Cal.Jur.2d 639, § 335. See *Matter of Guardianship of Ambrose*, 170 Cal. 160, 163 [149 P. 43].) Civil Code, section 82, provides:

"A marriage may be annulled for any of the following causes, existing at the time of the marriage:

"One. That the party in whose behalf it is sought to have the marriage annulled was without the capability of consenting thereto as provided for in Section 56 of this code; unless,

after attaining the age of consent, such party for any time freely cohabited with the other as husband or wife."

The facts do not bring the case within this exception. ▮ Subdivision One of section 82 obviously was designed for the protection of parents. Section 83 provides:

"An action to obtain a decree of nullity of marriage, for causes mentioned in the preceding section, must be commenced within the periods and by the parties, as follows:

"One. For causes mentioned in subdivision one: by the party to the marriage who was married under the age of legal consent, within four years after arriving at the age of consent; or by a parent, guardian, or other person having charge of such nonaged male or female, at any time before such married minor has arrived at the age of legal consent."

*Vaughan* v. *Gideon,* 56 Cal.App.2d 158 [132 P.2d 529], is squarely in point. It was an action for annulment of a marriage brought by the father of a minor. The minor, 15 years of age, was married without the knowledge or consent of her parents. A child was born of the union about seven months after the marriage. The court stated (p. 161):

"Section 82 of our Civil Code, so far as material here, provides that a marriage may be annulled when the party in whose behalf it is sought was under the age of legal consent and when it was contracted without the consent of the parents. Section 83 of that code gives a parent the right to commence such an action when it is based upon that ground. The right to commence and maintain such an action would seem to carry with it a right to the relief thus provided for where the complaint is sufficient and the necessary facts are established without conflict. That is the precise situation here. . . . [P. 162.] When the facts contemplated by these statutes are established without contradiction, and when the evidence would not sustain a finding of other or different material facts, if one was made, there would appear to be little room for the exercise of discretion upon the part of the trial court. Under the circumstances which here appear, it was an abuse of any possible discretion to deny all relief.

"It would appear from the record that the trial court denied any relief to the appellant largely, if not entirely, because the minor in question had sworn falsely in securing the marriage license in Arizona. . . . In the amicus curiae brief this circumstance is relied on as showing that this minor did not come into court with clean hands, which is urged as a sufficient reason for denying any relief in this case. However, this

action is one brought by the father of the minor, as permitted by the statute, and while this minor admitted on the stand that she had sworn falsely in securing the marriage license this fact neither reflects upon the appellant nor affects *his separate and distinct right* to ask for and receive the remedy given him by these statutes.

"Every material fact required by these statutes was alleged and established by the evidence, there was absolutely no evidence to the contrary, and no valid reason appears for refusing the relief prayed for." (Emphasis ours.)

 Sections 56, 82, and 83 define and establish the rights of the parties. The policy they express is strong enough to overcome any public interest there may be in upholding the validity of marriages. (*Sirois* v. *Sirois*, 94 N.H. 215 [50 A.2d 88, 89].) To permit a parent to be defrauded into giving his consent would be to deprive him of the control of the marital status of his child which the law has specifically given to him. The annulment of the marriage will not bastardize the child born to Marcella. A judgment of nullity of marriage does not affect the legitimacy of a child born before the judgment. (Civ. Code, §§ 84, 85.)

 There is no question of laches involved. The fraud was consummated on October 8, 1957; the complaint was filed January 23, 1958.

 It was error for the trial court to arbitrarily refuse on the undisputed facts to grant the relief prayed for. (*Putman* v. *Putman*, 116 Cal.App.2d 841, 842 [254 P.2d 589]; *Dobson* v. *Dobson*, 86 Cal.App.2d 13, 14 [193 P.2d 794].)

Reversed.

Shinn, P. J., and Wood (Parker), J., concurred.