[Civ. No. 6136. First Appellate District, Division Two.—January 25, 1928.]

E. L. WILLIAMS, Respondent, v. CHARLES F. WREN, etc., et al., Appellants.

Warren E. Libby for Appellants.

Culbert L. Olson for Respondent.

WELCH, J., *pro tem.*—This proceeding was commenced by way of a petition to compel the defendant officers of the Pickwick Corporation to permit the respondent to inspect the stock ledgers and stock certificate books of the corporation and to take copies and memoranda thereof.

Issue was joined by answer of the appellants denying specifically the allegations of the petition and setting forth separate and further defenses to the petition for the writ of mandate.

This appeal is from the order granting the writ and is upon the judgment-roll and the reporter's transcript of the testimony.

■ A decision in the usual form was not made or filed in the proceeding by the court, but the court, in its order herein appealed from, found "that all of the material allegations of the complaint are true and that the answers of the defendants do not state facts sufficient to constitute a defense thereto."

Appellants make the point here that this finding is not a compliance with sections 632 and 633 of the Code of Civil Procedure. This contention must be sustained. ■ Appellate courts are entitled to definite and certain findings of the facts of the case where findings are required and involved. Indeed, findings, unless waived, are mandatory upon the trial of questions of fact. (Sec. 632, Code Civ. Proc.) A trial of questions of fact was had in this proceeding requiring findings to be made and filed. (*Black* v. *Board of Police Commrs.*, 17 Cal. App. 313 [119 Pac. 674].) "The system of express findings (sections 632 and 633, Code of Civil Procedure) which prevails in this state, requires a finding when there is a material issue." (*Taylor* v. *Taylor*, 192 Cal. 73 [51 A. L. R. 1074, 218 Pac. 760].)

It has been held by both the supreme court and the district courts of appeal that the insertion of the word "material" in a general finding, such as is here under consideration, makes the finding uncertain, and insufficient to sustain the judgment. (*Turner* v. *Turner*, 187 Cal. 632 [203 Pac. 109]; *McKannay* v. *McKannay*, 68 Cal. App. 709 [230 Pac. 218].) "The general omnibus finding" that "all the *material* averments of the amended complaint herein are true . . . is insufficient for any purpose." (*Holt Mfg. Co.* v. *Collins*, 154 Cal. 276 [97 Pac. 520].)

The order appealed from is reversed and the case is remanded for further proceedings.

Koford, P. J., and Sturtevant, J., concurred.