[Civ. No. 7528. Second Appellate District, Division Two.—March 24, 1933.]

JACK M. ALHADEFF, Respondent, v. JACK AL-HADEFF, Appellant.

Charles W. Humphreys for Appellant.

L. J. Murphy for Respondent.

ARCHBALD, J., *pro tem.*—This action was brought to recover the sum of $2,075 on a post-dated check in favor of plaintiff, executed by defendant. From a judgment against him defendant has appealed.

Appellant contends that the findings are not supported by the evidence. The fact of the issuance and delivery of the check dated January 3, 1929, on or about the fifth day of December, 1928, is admitted by appellant, as is also the fact that prior to the time it was given respondent had loaned him $1975, and at the time the check was given the parties agreed upon the sum of $100 as interest, making the amount for which the check was given. It was stipulated that the check was deposited for payment on January 3, 1929, but that nothing had been paid on it. With this *prima facie* case, the plaintiff rested. Appellant set up as an affirmative defense that the loan was made for use in defendant's cleaning and tailoring business "to be repaid therefrom at some future, undetermined date, depending upon the ability of the said business to pay the said sum" and that on or about December 5, 1928, "plaintiff falsely and fraudulently stated and asserted to defendant as follows: 'Give me a post-dated check. I will hold it until you tell me to deposit it. I won't press you for payment,' and that appellant relying upon said statement and believing it to be true executed and delivered said check." It is to be noted that such defense shows that such promise was made after the money was loaned and that there was no consideration for it. Evidently plaintiff waited, however, until the date of the check, January 3, 1929, when it was deposited for payment.

Such check was introduced in evidence by plaintiff. On its face, under the admitted facts concerning its issuance, a *prima facie* case was made, entirely inconsistent with the affirmative defense so alleged, sufficient to make a conflict in the evidence, even assuming that the defense alleged was sufficient as a matter of law. In such a case the decision of the trial judge who heard the evidence is binding upon the appellate court and we must assume he rejected the evidence given by defendant. (*Anglo-California Bank* v. *Cerf*, 147 Cal. 393 [81 Pac. 1081].)

580

█ Appellant's second defense alleged that a note was given by him in satisfaction of the claim on said check and that the trial court erred in not making a finding thereon. The findings of fact recite that such affirmative defense was withdrawn and the reporter's transcript contains no evidence in support thereof. Findings of fact are only required "Upon the trial of a question of fact." (Sec. 632, Code Civ. Proc.) That assumes that evidence will be introduced on the issues raised by the pleadings. If any issue is withdrawn, or evidence is not introduced in support thereof, no finding is necessary thereon.

Judgment affirmed.

Craig, Acting P. J., and Stephens, J., concurred.