[Civ. No. 4709. Third Appellate District.—July 23, 1934.]

JOHN I. EASTERLY, Respondent, v. ELAINE COOK et al., Appellants.

[Civ. No. 4710. Third Appellate District.—July 23, 1934.]

JOHN I. EASTERLY et al., Respondents, v. ELAINE COOK et al., Appellants.

W. F. Cowan and J. O. Kroyer for Appellants.

F. D. Darby, A. Q. Lomba and J. Raegen Talbot for Respondents.

THE COURT.—The defendants have appealed from two judgments which were rendered against them jointly in the above-entitled actions which were consolidated for the purpose of trial. Both cases involved the same automobile casualty. In the first case a judgment was awarded the plaintiff John I. Easterly for personal injuries received and for damages to his automobile and for medical and hospital expenses incurred. The judgment in the second case was rendered for personal injuries sustained by Della, the wife

of plaintiff John I. Easterly, in the same automobile accident.

There is a conflict of evidence on several of the material issues which are involved in this appeal. In accordance with the well-established rule of law with respect to appeals, the following recitation of facts must be accepted as true, since said facts are supported by substantial evidence:

The defendant Elaine Cook was a minor, seventeen years of age at the time of the automobile accident, which occurred July 28, 1929. She held an operator's license which was issued to her in 1925. The application therefor was signed by her father, E. D. Cook, as required by section 62 of the California Vehicle Act. One year prior to the time of the accident which is involved in this appeal a marriage ceremony was performed between Elaine and a young man by the name of Parkinson, with the consent of her mother, but without the consent of her father. She was then under sixteen years of age. Soon after the marriage ceremony was performed the young couple was separated and Elaine returned to the home of her parents, where she has remained to the present time. The marriage was subsequently annulled November 19, 1930, under the provisions of section 82 of the Civil Code, for lack of consent of the father of Elaine. The marriage was not void *ab initio*. It was merely voidable.

On July 28, 1929, at 11 o'clock at night, the defendant Elaine Cook was driving a Ford coupe northerly along the Redwood highway between Healdsburg and Geyserville. At the same time the plaintiffs were driving their Studebaker sedan southerly along the same highway. In ascending a slight grade around a curve in the roadway, Elaine's automobile suddenly met the plaintiffs' machine and a collision occurred. Her car was demolished. The plaintiffs' machine was overturned and damaged to some extent. Both Mr. and Mrs. Easterly were injured. The extent of their injuries is not questioned. There is evidence to support the findings that Elaine's automobile was running at an excessive rate of speed and that she drove it on to the wrong side of the highway where the collision occurred. It satisfactorily appears that John I. Easterly was then operating his car in a careful and prudent manner on his proper side of the roadway.

Based upon these facts, two suits for damages were brought jointly against Elaine Cook and her father E. D. Cook. Mr. Cook was joined as a party defendant on the theory of imputed negligence as the signer of Elaine's operator's license under the provisions of section 62 (b) of the California Vehicle Act. The first suit was brought by John I. Easterly only to recover damages to his automobile, expenses incurred for medical and hospital care of his wife, and for his own personal injuries sustained as a result of the accident. The second case was instituted jointly by John I. Easterly and his wife, Della, to recover damages for serious injuries which she received as a result of the accident. Upon application therefor E. D. Cook was appointed guardian *ad litem* for his daughter Elaine. He appeared and answered both complaints in his own behalf and also as guardian *ad litem* for his daughter. The cases were consolidated and tried by the court sitting without a jury. Separate findings were adopted and separate judgments favorable to the plaintiffs were rendered. In the first case purported findings, which the judge failed to sign, were filed November 5, 1931. On the same day a judgment for the sum of $1785 was filed in that case in favor of John I. Easterly. On motion of the plaintiffs, under the provisions of section 663 of the Code of Civil Procedure, the judgment was vacated on the theory that it was premature and void for lack of a written decision and findings of facts as required by sections 632 and 633 of the same code. Findings in the first case were subsequently signed by the judge and filed January 15, 1932, and another judgment against the defendants for the sum of $1785, based upon these findings, was rendered and filed on the last-mentioned date.

Separate findings favorable to the plaintiffs were adopted and filed in the second case on November 5, 1931, awarding them damages in the sum of $1500 for the injuries sustained by Mrs. Easterly as a result of the automobile casualty. These findings were duly signed by the judge. A judgment against the defendants for that sum was accordingly rendered and filed on the last-mentioned date. The regularity of the findings and judgment in the last-mentioned case is not questioned.

A motion for new trial was presented and denied in each case. On December 11, 1931, the defendants moved the

court to set aside the judgment in the first case and to enter another judgment in favor of plaintiffs for the sum of $1,035 only, on the theory that the findings of facts failed to determine that the plaintiff John I. Easterly had sustained damages for personal injuries in the additional sum of $750, or in any sum whatever as a result of the accident. This motion was denied.

The defendants have appealed from both judgments and also from the order of the court refusing to vacate or modify the original judgment which was filed in the first case so as to conform to the unsigned findings.

It is contended neither judgment is supported by adequate evidence; that there is a lack of proof of negligence on the part of Elaine Cook, and upon the contrary that it appears the plaintiffs were guilty of contributory negligence; that the judgment in the first case is not supported by the findings because they fail to determine the amount of damages which the plaintiff John I. Easterly sustained as a result of his personal injuries; that the court therefore erred in refusing to set aside that judgment. Finally it is asserted the defendant E. D. Cook is not liable for imputed negligence of his daughter Elaine, on account of signing her application for an operator's license because she subsequently married and that her marriage automatically emancipated her from his control and relieved him of future liability on that account.

While there is a serious conflict of evidence regarding the negligence of the defendant Elaine Cook, and with respect to the question of plaintiffs' alleged contributory negligence, we are not able to say as a matter of law that the findings of the court are not adequately supported by the record. We are therefore not warranted in disturbing either judgment on those grounds.

We are of the opinion the defendant E. D. Cook was not automatically relieved of liability under section 62 of the California Vehicle Act for imputed negligence of his daughter, whose application for an operator's license was signed by him, merely because she was subsequently married. It appears that his daughter Elaine was seventeen years of age at the time of the accident. She then held an operator's license to drive an automobile which was issued to her upon the signature of her father as required by section 62 (a)

of the California Vehicle Act. Subdivision (b) of that section provides:

"Any negligence of a minor in driving a motor vehicle upon a public highway shall be imputed to the person or persons who shall have signed the application of such minor for said license, which person or persons shall be jointly and severally liable with such minor for any damages caused by such negligence except in the event the minor is driving a motor vehicle as the agent, or servant or upon the business of a person other than the person who has signed said application."

While it is true that Elaine Cook was not driving an automobile belonging to her father, E. D. Cook, at the time of the accident, it is not contended she was driving the Ford coupe as an agent of any person. Her operator's license was in full force at the time of the accident. It had never been revoked. While it is true that a marriage ceremony was performed between her and Parkinson subsequent to the issuing of the operator's license, they were soon separated, and she returned to the home of her parents, where she continued to remain to the time of the accident.

■ E. D. Cook was appointed as Elaine's guardian *ad litem*, and represented her in defending this suit. The purported marriage was not void for lack of consent on the part of her father. It was merely voidable. (*Campbell v. Campbell*, 78 Cal. App. 745 [248 Pac. 762].) ■ It is true that upon the marriage of a minor child, she is deemed to have been thereby emancipated from her parent's control, and that the parent's authority over her then ceases. (Sec. 204, Civ. Code; 13 Cal. Jur. 169, sec. 25; 46 C. J., p. 1345, sec. 197.) It has been held that this is true even though a child under the age of statutory consent marries without the consent of her parents. (46 C. J., *supra*.) Section 204 of the Civil Code provides that, "The authority of a parent ceases: . . . 2. Upon the marriage of the child." The statutory liability for imputed negligence which is created by section 62 of the California Vehicle Act against one upon whose signed application an operator's license to drive an automobile is issued to a minor does not depend upon the relationship or continued control over the minor, on the part of him who signs the application. It is a separate statutory liability during minority, or until can-

celed under the provisions of subdivision (e) of section 62 of the act which is created by signing the application for the license and thereby vouching for the careful conduct of the driver, independently of their relationship, or continued control over the operator. (*Lackey* v. *Olds & Stoller Inter-Exchange*, 80 Cal. App. 687 [252 Pac. 672]; *Buelke* v. *Levenstadt*, 190 Cal. 684 [214 Pac. 42, 44].) In the case last cited it is said with reference to the negligence imputed by statute to the one who signs the application upon which an operator's license is issued to a minor: "The legislature has now declared that under a given state of facts a liability exists where none existed before." In the Lackey case, *supra*, the negligence of a minor was imputed to his uncle, who had signed his application for an operator's license, although it does not appear that the uncle ever had any authority or control over the minor. The court there says:

"The motor vehicle act . . . makes the person who signed the application jointly and severally liable with the minor. The signer of the application was therefore made liable as a matter of law for the negligent act of the minor in operating the car, whether he was on the business of the signer of the application or not. The motor vehicle act . . . expressly makes the negligence of the minor imputable to the person who signs his application; hence the liability is one expressly created and imposed by the statutory law."

The signer of an application upon which an operator's license is issued to a minor under the provisions of section 62 of the California Vehicle Act is therefore not automatically relieved of his liability by the subsequent marriage of the minor during her minority. Subdivision (e) of that section of the act specifically provides for the method by which the signer of a minor's application for a driver's license may be relieved of liability. It reads:

"Any person who shall have signed the application of a minor for an operator's license under this section and who desires to be relieved from the joint and several liability imposed by reason of having signed such application, may file a verified application with the division requesting that the license of said minor be cancelled and thereupon the division shall cancel the license of said minor and thereafter the said person who originally signed the application shall

be relieved from the liability imposed in subdivisions (a) and (b) of this section, on account of subsequent negligent operation of a motor vehicle by said minor.''

█ We are of the opinion the statutory liability is imposed upon the signer of the application for an operator's license by a minor, independent of the general liability of a parent for the torts of his minor child, on the theory that an automobile is a dangerous instrumentality, the operation of which may not ordinarily be safely entrusted to a minor child on account of a lack of judgment on his part. This liability is deemed to cover the operation of the machine during the years of indiscretion of the minor, and until he reaches the age of majority, regardless of the continued control of the conduct of the minor by the signer of the application, unless the license is canceled pursuant to subdivision (e) of section 62 of the California Vehicle Act. The liability created by that section is not dependent upon the continued authority of the signer of the application. It is a guarantee of compensation for the negligence of the child during minority.

█ The denial of defendants' motion to vacate the judgment in the first case which was filed before the findings and decision had been signed by the judge, and to render a different judgment therein was harmless. That judgment was premature and void for the reason that the decision and findings had not been rendered in writing or signed by the judge as required by section 632 of the Code of Civil Procedure. █ In a case tried by the court without a jury the signing and filing of the findings of facts and conclusions of law constitute the decision of the court. (*Hoover* v. *Lester,* 16 Cal. App. 151 [116 Pac. 382].) Section 633 of the Code of Civil Procedure provides that, ''Judgment *upon the decision* must be entered accordingly.'' The validity of the judgment depends upon the previous rendering of the decision by signing and filing the findings of facts and conclusions of law. The code provision with regard to the necessity of rendering a decision by the adoption and signing of findings is mandatory. (*Williams* v. *Wren,* 88 Cal. App. 607 [263 Pac. 1038].) The judgment is deemed not to have been rendered until the findings have been adopted and filed. (*Brownell* v. *Superior Court,* 157 Cal. 703 [109 Pac. 91, 93] ; *Crim* v. *Kessing,* 89 Cal. 478

[26 Pac. 1074, 23 Am. St. Rep. 491]; 14 Cal. Jur. 912, sec. 32.) In the Brownell case, *supra,* the court quotes approvingly from the Crim case, *supra,* in that regard as follows:

"Under the provisions of the Code of Civil Procedure whenever findings are required there can be no 'rendition of the judgment' until they are made and filed with the clerk."

It follows that since the findings and decision in the first case had not been signed or adopted by the court at the time the defendants made their motion to set aside the judgment, the purported judgment was invalid, and there were then no findings upon which the judgment could be based. The purported judgment which had been filed might properly be disregarded as invalid and it was therefore harmless to refuse to set it aside.

That document was, however, subsequently set aside upon motion of the plaintiffs. Findings favorable to the plaintiff were thereafter adopted, signed by the judge and filed. A judgment in accordance with these findings was then filed in favor of the plaintiff for the sum of $1785.

■ The appellants contend this judgment is not supported by the findings for the alleged reason that the court failed to determine the amount of damages which were sustained by the plaintiff John I. Easterly as a result of his personal injuries. There is no merit in this claim. It is true that the first purported findings which were filed without the signature of the judge did fail to so specifically determine. But the valid findings which were subsequently signed and filed provided "That by reason of the injuries aforesaid, plaintiff has been damaged in the sum of seven hundred fifty and no/100 ($750.00) Dollars." The judgment which was subsequently filed included this item of damages.

■ Finally the appellants contend the court erred in setting aside the original so-called judgment which was filed in the first case, which was based upon the unsigned findings, because it was vacated on motion of the plaintiffs pursuant to section 663 of the Code of Civil Procedure. It is asserted that motion is only available to the party *aggrieved* by the challenged findings and judgment. That section provides:

"A judgment or decree of a superior court, when based upon findings of fact *made by the court,* or the special ver-

dict of a jury, may, upon motion of the party aggrieved, be set aside and vacated by the same court, and another and different judgment entered, for either of the following causes, materially affecting the substantial rights of such party and entitling him to a different judgment:

"1. Incorrect or erroneous conclusions of law not consistent with or not supported by the findings of fact; and in such case when the judgment is set aside, the conclusions of law shall be amended and corrected."

Since the challenged unsigned findings did not constitute a determination of the facts or a decision of the case, the document was a nullity and may not be deemed to constitute findings "made by the court". The judgment which was dependent thereon was therefore invalid. It was unnecessary to set that document aside. The fact that it was vacated on motion of the plaintiff under section 663, *supra,* was harmless. The court had a right to strike that invalid instrument from the records on its own motion.

The judgments and the order are affirmed.