[Civ. No. 1991. Fourth Appellate District.—November 4, 1936.]

JUEL YOUNG, Respondent, v. MORTON P. BRIGGS et al., Appellants.

Wright, Monroe, Thomas & Glenn for Appellants.

Kenneth J. Murphy and Stickney & Stickney for Respondent.

MARKS, J.—This is a motion to dismiss an appeal from an order vacating a prior order and directing that all issues of the cause be tried before a jury.

Plaintiff maintains that the order from which the appeal is taken is not an appealable order. Defendants argue that the effect of the order was to grant a new trial upon one issue of the case and that it must be considered as an order granting a new trial in a case "where a trial by jury is a matter of right" (sec. 963, Code Civ. Proc.), and an order from which an appeal lies under the provisions of that section.

The situation presented by the record, on the motion to dismiss, is novel, and requires a detailed statement of facts to properly understand the question presented for decision.

The plaintiff instituted this action to recover damages for injuries received in an automobile accident which happened on July 6, 1935. Defendants Briggs and Campbell, to whom we will refer as the defendants, appeared, and, by way of special defense, alleged in paragraph five of their answer:

"That on the 9th day of July, 1935, and after said collision, for a valuable consideration paid on behalf of the defendant, Morton P. Briggs, this plaintiff released said defendant from any and all claims of every nature suffered by plaintiff on account of said collision and said accident."

Plaintiff regularly demanded a jury trial and paid the necessary jury fees and the cause was set down for trial before a jury.

On March 14, 1936, defendants filed a written notice of motion "for an order to separately try the issues raised by paragraph V of defendants' answer and the separate defense therein contained, to wit, whether prior to the commencement of the above-entitled action plaintiff and defendants settled and compromised the claim of the plaintiff and whether plaintiff at that time executed a release, releasing the defendants from all liability herein. Said motion will be made upon the ground that the matters set forth and relied upon in said separate defense are matters not susceptible of any conflict of evidence but involve issues of law, and that any issues to be determined therein are not issues properly susceptible of trial by jury

but are equitable matters proper to be determined only by the court, and that the separate trial of such issues will simplify and expedite said cause, will simplify the remaining issues involved in said action or will constitute a settlement and adjudication of the entire controversy.''

Affidavits in support of and in opposition to the motion were filed by the parties.

The motion came on for hearing on March 23, 1936, in the department of the presiding judge and the minutes of the court show that ''upon argument and submission said motion is granted as more fully appears in the order signed and filed herein''. The written order contained the following:

''It Is Therefore Ordered, Adjudged and Decreed that the issues raised by paragraph V of Defendants' answer and the separate defense therein contained, to-wit, whether prior to the commencement of the above action plaintiff and defendants settled and compromised the claim of the plaintiff and whether the plaintiff at said .time executed a release, releasing the defendants from all liability herein, and whether said release if so executed, was binding and effective, be separately tried and determined by the Court alone, separate from a determination of the other issues involved in this action by the jury.

''It Is Further Ordered that the manner and time of the trial and determination of said issues shall be determined by the trial department of this court to which this cause be hereafter transferred for trial, and that said issues may be determined and adjudicated at such time and in such manner as may appear to such trial department to be most convenient and expedient.''

Under date of March 25, 1936, the minutes of the trial department show that the parties appeared in person and with counsel. A jury was empaneled, was admonished, and was excused from the courtroom with instructions to return at the call of the court. Argument was had on the order of March 23d, granting a separate trial of the issue of the release, and on the following day the court, without the attendance of the jury, proceeded to try the validity of the release over the strenuous objections of plaintiff. The minutes show that witnesses for both parties were sworn and testified and that ''said special issue is argued by re-

spective counsel, submitted for decision, and by the Court it is ordered that the defendants have judgment against the plaintiff. Defendants' counsel to prepare findings accordingly. At the hour of 5:23 p. m. the jury returns into court, and the cause having been disposed of by the Court, the jury is excused from further consideration of said cause.''

Under date of May 16, 1936, the minutes of the trial department show the following:

''On this day comes counsel for the respective parties as appear of record, and on the Court's own motion the above entitled cause is reopened for further argument and consideration. Said cause is now further argued by counsel for the respective parties, submitted for consideration and decision and by the Court said cause is taken under advisement.''

Under date of May 21, 1936, the trial judge signed and there was entered the following order:

''The above matter was regularly called for trial before a jury, Hon. Clarence Harden, Judge presiding in Department #1 of the above entitled Court, on the 25th day of March, 1936. A jury was duly and regularly impaneled and sworn; thereupon the defendants moved the Court to try the issue of the validity of the release pleaded in the answer before the Court and in the absence of the jury on the ground that said issue did not involve any questions that should be submitted to a jury. Said motion of the defendants was granted and the order theretofore entered on March 23, 1936, was reaffirmed and over the objection of the plaintiff the jury was excused from the court room, subject to call, and thereupon the Court, still over the objection of the plaintiff, received evidence in the absence of the jury on the issue of the validity of said release, and on March 26, 1936, said issue was submitted to the Court for decision and the Court on said date announced its oral decision and dismissed and discharged said jury from further attendance, all over the objections of plaintiff.

''The case having been re-opened for further argument and consideration, and the matter having been further argued on May 16, 1936, before the signing or filing of any written findings of fact or conclusions of law, and submitted on said date, the Court finds that the evidence

received at the trial of the issue of the validity of said release discloses that on some of the questions involved the plaintiff is entitled to a jury trial as a matter of right, and that it is impracticable to try the issues separately and that the plaintiff has not waived her right to a jury trial on all the issues.

"Now, Therefore, It Is Hereby Ordered, Adjudged and Decreed: That the order of March 23, 1936, and the subsequent order for a separate trial of the issues in this action be and the same are hereby vacated and set aside. It Is Further Ordered that the plaintiff have and she is hereby granted a trial by jury on all the issues involved in this action."

■ Defendants maintain in effect that the minute order of March 25, 1936, has the effect of a final judgment in their favor and that the signed order of May 21, 1936, has the effect of granting plaintiff a new trial. No findings of fact or conclusions of law were ever signed or filed nor was a formal judgment ever rendered or entered. Findings of fact were not waived.

In 14 California Jurisprudence, page 916, we find the following:

"A judgment prepared and signed by the judge is not effective until it is filed with the clerk. Until then it is but a purpose in the breast of the judge which can be changed as he may determine. Whether he deposits it in the postoffice to be transmitted to the clerk or himself carries it in person to the office of the clerk is immaterial. Until it is filed it does not become a record in the case and consequently is not a judgment. It has been held that a decree signed by the judge and filed with the clerk is effective notwithstanding the latter's failure to enter it. This ruling, however, must be considered in connection with the discussion elsewhere herein, of the necessity for entry of judgment. And a formal decree signed by the judge, though found among the papers in the case, if it has not been entered, may be changed or a new judgment may be entered."

In *DeCoe* v. *Johnson*, 54 Cal. App. 592 [202 Pac. 362], the court said:

"While counsel on both sides, in their briefs, refer to the judgment as having been entered, the record shows

that it was merely filed and the trial court, in the order appealed from, also refers to the judgment as having been filed and not as entered. A judgment, although filed, is under the control of the court rendering it until it is entered, and until entered, may by the court be altered or changed or another judgment substituted therefor. No citation of authorities is necessary to verify this proposition. If, therefore, the judgment here was merely filed and not entered at the time the order vacating it was made, no legal objection could be made to said order.''

In the case of *Easterly* v. *Cook,* 140 Cal. App. 115 [35 Pac. (2d) 164], purported findings of fact unsigned by the trial judge were filed and a judgment entered the same day. On motion of plaintiff this judgment was vacated, findings of fact and conclusions of law were signed and filed and judgment entered upon them. Upon this state of facts the court said:

''That judgment was premature and void for the reason that the decision and findings had not been rendered in writing or signed by the judge as required by section 632 of the Code of Civil Procedure. In a case tried by the court without a jury the signing and filing of the findings of facts and conclusions of law constitute the decision of the court. (*Hoover* v. *Lester,* 16 Cal. App. 151 [116 Pac. 382].) Section 633 of the Code of Civil Procedure provides that, 'Judgment *upon the decision* must be entered accordingly.' The validity of the judgment depends upon the previous rendering of the decision by signing and filing the findings of facts and conclusions of law. The code provision with regard to the necessity of rendering a decision by the adoption and signing of findings is mandatory. (*Williams* v. *Wren,* 88 Cal. App. 607 [263 Pac. 1038].) The judgment is deemed not to have been rendered until the findings have been adopted and filed. (*Brownell* v. *Superior Court,* 157 Cal. 703 [109 Pac. 91, 93]; *Crim* v. *Kessing,* 89 Cal. 478 [26 Pac. 1074, 23 Am. St. Rep. 491]; 14 Cal. Jur. 912, sec. 32.) In the Brownell case, *supra,* the court quotes approvingly from the Crim case, *supra,* in that regard as follows:

'' 'Under the provisions of the Code of Civil Procedure whenever findings are required there can be no ''rendition

of the judgment'' until they are made and filed with the clerk.' ''

The case of *Aspegren & Co., Inc.,* v. *Sherman, Swan & Co.,* 199 Cal. 532 [250 Pac. 400], is decisive here. In that case, after a trial upon the merits, and on January 11, 1926, the trial judge announced that the relief sought by the plaintiff was denied. On January 21, 1926, plaintiff gave notice of appeal. Findings of fact and conclusions of law were signed and filed on February 8, 1926, and on the same day judgment was entered. Defendant moved to dismiss the appeal and the Supreme Court said:

''These several authorities indicate the rule to be that whenever findings are required the judgment is not rendered until they are signed and filed. But, whenever findings are waived or are not required the judgment is rendered when entered in the minutes of the court. With this rule we are in accord. . . .

''In the instant case findings were not only required but were expressly requested by counsel for appellant. It follows, therefore, that judgment herein was not 'rendered', under the rule as above announced, until findings of fact were signed and filed. As the appeal was taken prior to the signing and filing of such findings, and therefore *before* the 'rendition of judgment', said appeal was premature and does not come within that provision of section 939, Code of Civil Procedure, which declares that 'No appeal, however, shall be dismissed on the ground that it was taken *after* the rendition of such judgment or order and before formal entry.' (Italics added.) . . .

''The present appeal being premature and no other appeal herein having been seasonably taken, the motion is granted and the appeal is dismissed.''

It follows from what has been said that, in the instant case, there was no judgment rendered.

▪ A motion for new trial is a statutory remedy which is controlled by the statutes and must be made under authority of the statutes. (20 Cal. Jur. 11, and cases cited.) In the case of *Hughes* v. *DeMund,* 70 Cal. App. 265 [233 Pac. 93], it is held that a motion for new trial cannot be made until findings of fact have been signed and filed as a basis of a final judgment. (See, also, sec. 656, Code Civ. Proc.) ▪ As the instant case had not pro-

gressed to that point when the trial judge vacated the prior orders and decided that plaintiff was entitled to a trial by jury on the issues presented by paragraph five of the answer we cannot construe the order in question here as an order granting a motion for new trial. It is an order made before judgment that is reviewable on an appeal from the judgment and is not an appealable order. (Sec. 963, Code Civ. Proc.) It follows that the motion to dismiss the appeal must be granted.

The appeal is dismissed.

Barnard, P. J., and Jennings, J., concurred.