Arturo Rodríguez Pou, Plaintiff and Appellant, *v.* Enrique Martínez, Jr., and Enrique Martínez, Defendants and Appellees.

No. 7777.   Argued April 26, 1939.—Decided June 8, 1939.

*Cayetano Coll Cuchí,* and *Víctor A. Coll,* for Appellant; *Alfonso Lastra Chárriez* and *A. D. Marchand Paz,* for Appellee.

Mr. Justice De Jesús delivered the opinion of the Court.

To recover damages which the plaintiff alleges were caused by an automobile accident he filed this suit against Enrique Martínez and his son, a minor, of the same name. The complaint has three causes of action.

In the first it is alleged that on July 25th, 1937, the complainant was the owner of a Ford automobile, license number 728. That on the evening of that day the complainant was travelling in his automobile between stops 6 and 7 of Ponce de León Avenue, on the right side of the road, at no more than twelve miles per hour and observing the necessary precautions, when suddenly, and without being able to avoid it, his car was hit in the rear by defendant Enrique Martínez, Jr., at an exagerated rate of speed, more than thirty-five miles per hour, without blowing his horn or other signal of alarm. That as a result of the accident plaintiff's automobile was completely destroyed and unfit for use. That the defendant Enrique Martínez, in order that his son be given a driver's license since said minor was under 21 years of age, signed before the Commissioner of the Interior of Puerto Rico a document in which he bound himself to pay any damages that the defendant Enrique Martínez, Jr., might cause in driving a motor vehicle. In the second cause of action the complainant claims the personal damages which he received as a result of the accident, and in the third cause of action he claims the damages which he alleges were caused him by the loss of the use of the destroyed automobile.

In the three causes of action $1,000, $1,500 and $1,000 are claimed, respectively.

After a hearing of the case in which the complainant presented the evidence that he thought proper and the defendants did not offer any evidence, but submitted the case on the allegations and the evidence of the plaintiff, the court as part of a document which it entitled ''Statement of the Case and Opinion'' rendered a judgment with the following holdings:

1. D:smissing the complaint in its three causes of action in regard to the defendant Enrique Martínez.

2. Gave judgment on the complaint against Enrique Martínez, Jr., in regard to the first and second causes of action and ordered him to pay the plaintiff $1,000 and $500, respectively.

3. Dism:ssed the complaint in regard to its third cause of action.

4. Ordered the defendant Enrique Martínez, Jr., to pay costs and $250.00 in which it assessed the attorney's fees of the plaintiff; and

5. Ordered the plaintiff to pay the costs of the defendant Enrique Martínez (father).

Against that part of said judgment which dismissed the complaint in its three causes of action in regard to the defendant Enrique Martínez (father) and which also dismissed the complaint in regard to its third cause of action against both defendants, and setting in $500 the damages claimed in the second cause of action, the complainant filed the present appeal.

The appellant alleges that the lower court committed two errors. He states them as follows:

''1. The Court erred in holding that the liability of the defendant was limited and terminated when his minor child reached the age of 18 years.

''2. The lower court erred in dismissing the complaint in regard to the three causes of action (sic).''

■■■■ The liability which the plaintiff alleges in Enrique Martínez (father) in the three causes of action alleged in the complaint is not based on Section 1803 of the Civil Code

(1930 ed.) which makes the father, and through death or incapacity of the latter the mother, liable for the damages caused by their minor children living with them. The complaint does not allege nor does it appear from the evidence that at the time of the accident on which this suit is based the minor Enrique Martínez, Jr., lived with his father. On the contrary, when the trial was begun it was expressly stated that the suit was not based on said legal provision, but that the plaintiff depended only and exclusively in regard to Enrique Martínez (father) on the bond, which in accordance with Section 5(c) of Act No. 75 of April 13th, 1916 (Laws of that year, p. 144) the defendant signed and filed in the office of the Commissioner of the Interior, which document was attached to the complaint as an exhibit, and which reads literally as follows:

"The People of Puerto Rico—(Department of the Interior)

"CONSENT OF THE PERSON HAVING ANOTHER PERSON UNDER PATRIA
  POTESTAD AND FOR WHOM HE DESIRES A DRIVER'S LICENSE

"Santurce, P. R., April 20, 1935.

"Commissioner of Interior
  San Juan, P. R.

Sir:

In view of Act No. 75 approved by the Legislature of Puerto Rico on April 13th, 1916 and being well informed as to its provisions, I hereby certify that Enrique Martínez, Jr., is my son and that I desire that he be given a license to drive the automobile, Chrysler No. 7825, of which I hereby certify that I am the owner.

"I hereby give my consent for the issuance of said license and I accept liability for all the fines which may be imposed upon him and for any violation of the above mentioned Act and for all the damages which he may cause.

"Respectfully,

(Sgd.)   Enrique Martínez."

Section 5(c) on which the transcribed document is based, reads as follows:

"No license shall be issued to a person less than sixteen years of age. A license may be issued to a person between sixteen and

eighteen years of age to drive his own machine or that belonging to the person under whose *patria potestas* he may be; *Provided,* That these persons shall file a consent in writing with the Commissioner of the Interior making them responsible for all fines that may be imposed on the driver for any violations of this Act, and for all damages he may cause. Except as herein provided no license shall be issued to any person under eighteen years of age.''

The bond by which Enrique Martínez accepted liability for any damages that may be caused by his son in driving motor vehicles, is dated April 20th, 1935. As according to Section 5(c) *supra* in no case may a license to drive motor vehicles be issued to persons under 16 years of age, when said writing was filed in the Department on April 20th, 1935, the presumption arose that the minor had reached on that date the minimum age of 16 years, since if this were not so, the Commissioner would not have accepted said document nor would we have issued the corresponding license to the minor. Section 464, paragraphs 15 and 32 of the Code of Civil Procedure (1933 ed.).

Since it is alleged in the complaint that the accident happened on July 25th, 1937, it necessarily follows that a few months before this latter date the minor had reached the age of 18 years. Since Act No. 75 of April 16, 1916, does not require minors who have reached the age of eighteen to give the bond referred to by Section 5(c) above transcribed, placing then on an equal footing with persons of age, for purposes of obtaining a license to drive motor vehicles (Section 5(e) of said act) it is clear that said bond in writing is in effect only during the period of incapacity, as it is called by the jurisprudence, and that therefore, when the defendant Enrique Martínez, Jr., reached the age of 18 years the said document was ipso facto cancelled by virtue of law. If this liability ceased when the minor reached eighteen years of age and if when the accident happened he had already reached said age, it is clear that said document could then create no liability since it had lapsed due to the termination of the

period of time for which it was made. This was, in substance the reasoning on which the judge of the lower court based its decision dismissing the complaint in regard to the defendant Enrique Martínez (father).

In our opinion, no other construction can be given to Section 5(*c*), *supra,* since as minors who have reached the age of eighteen years may obtain a driver's license without said bond we cannot presume that it was the intention of the Legislature to discriminate between those minors who have begun to drive motor vehicles at sixteen years of age by regulating said bond until they reach twenty-one years of age and not requiring a like guaranty of those over eighteen years of age for the same period of time between the years of eighteen and twenty-one. Such a construction is absurd and discriminatory and therefore should be refused. See for illustration, since we do not believe them to be entirely applicable, the cases of *Sleeper* v. *Woodmansee,* 54 P. (2d) 519, and *Easterly* v. *Cook,* 35 P. (2d) 164, 167, cited in the opinion of the judge of the lower court.

It is clear that the third case of action does not lie, that is, the one by which damages are claimed for the loss of the use of the automobile, since there is another cause of action on which judgment has been given for the total destruction of the same automobile. A judgment awarding the damage claimed for the total destruction of an object excludes any other holding in damages for the loss of use of the same object. *Adams* v. *Bell Motors,* 12 So. 345; Blashfield's Cyclopedia of Automobile Law, vol. 2, p. 2,004; Huday, Automobile Law, vol. 17–18, 9th ed., Section 254, p. 533, and cases cited.

Since none of the errors alleged by the appellant existed, the appeal must be dismissed and the judgment appealed from affirmed.