[Civ. No. 13687.   Second Dist., Div. Three.   May 26, 1942.]

Estate of VIRGINIA DODDS, Deceased. RAYMOND J. WAIDLEY, Appellant, v. ORBA L. DODDS, Respondent.

Busick & Busick for Appellant.

N. E. Youngblood for Respondent.

SCHAUER, P. J.—This is an attempted appeal by the contestant from an order appointing an administrator. Trial was had before the court without a jury on the issues raised by the petition for letters of administration and the contestant's answer. The filing of written findings of fact and conclusions of law was not waived; they were filed on January 19, 1942, and the judgment based thereon was filed January 22, 1942. The notice of appeal was filed January 10, 1942. At the conclusion of the trial on January 6, 1942, the court orally announced what its decision would be and a minute entry was made as follows: "Petn granted. Bond 13500 Surety 27000 personal." Appellant relies on this minute entry as being the judgment from which the appeal is taken. He calls our attention to section 1221 of the Probate Code, which reads "All orders and decrees of the court or judge must be entered at length in the minute-book of the court, or else signed by· the judge and filed; but decrees of distribution must always be so entered at length." We conclude that respondent's motion to dismiss the appeal on the ground that it was taken prematurely must be granted.

Section 1230 of the Probate Code provides that "All issues of fact joined in probate proceedings must be tried in conformity with the requirements of the rules of practice in civil actions. The party affirming is plaintiff, and the one denying or avoiding is defendant . . . If no jury is demanded, the court must try the issues joined, and sign and file its decision in writing, as provided in civil actions . . ." Section 632 of the Code of Civil Procedure, which governs the procedure in civil actions, requires that (except when waived as therein provided), "In superior courts and municipal courts, upon the trial of a question of fact by the court, its decision must be given in writing and filed with the clerk . . ."

It is well settled that whenever findings are required

there can be no rendition of the judgment until they are made and filed with the clerk (*Crim* v. *Kessing,* (1891) 89 Cal. 478, 487-488 [26 Pac. 1074, 23 Am. St. Rep. 491] ; *Brownell* v. *Superior Court,* (1910) 157 Cal. 703, 707 [109 Pac. 91]) ; a judgment entered prior thereto is void (*Easterly* v. *Cook,* (1934) 140 Cal. App. 115, 123 [35 P. (2d) 164]). Therefore, even if we could regard the minute entry of January 6, 1942, as being otherwise a judgment it would have no validity because it was entered prior to filing the decision. On the record before us it cannot constitute the basis for an appeal.

Section 939 of the Code of Civil Procedure provides that an appeal may be taken "within sixty days from the entry" of the judgment or order to be appealed from or within thirty days "after" determination of a motion for a new trial. It also ordains that no appeal "shall be dismissed on the ground that it was taken after the rendition of such judgment or order and before formal entry." This latter provision, however, cannot save the attempted appeal in the instant case. It was taken *before the rendition* of the judgment and hence is irrefragably premature (*Aspegren & Co., Inc.* v. *Sherwood, Swan & Co.,* (1926) 199 Cal. 532, 537 [250 Pac. 400] ; *Young* v. *Briggs,* (1936) 17 Cal. App. (2d) 338, 344 [61 P. (2d) 1223]).

The appeal is dismissed.

Shinn, J., and Wood (Parker), J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 23, 1942. Curtis, J., and Traynor, J., voted for a hearing.