55 Cal.App.2d 647 (1942)
Estate of CHARLES PALA, Deceased. WM. MARSHALL, JR., et al., as Executors, etc., Appellants,
v.
HARRY B. RILEY, as State Controller, etc., Respondent.
Civ. No. 6832. 
California Court of Appeals. Third Dist. 
Nov. 24, 1942.
 Peterson & Ott for Appellants.
 James W. Hickey, A. W. Brouillet and Hugo P. Correll for Respondent.
 THOMPSON, J.
 The executors of the last will of Charles Pala, deceased, have appealed from a purported order of the Probate Court of Del Norte County holding that Crescent Lodge No. 45, Free and Accepted Masons, a fraternal organization, as a residuary legatee of the estate of said deceased, is subject to the payment of collateral inheritance tax.
 The respondent contends that no findings, judgment or order was made, rendered or entered with relation to said proceeding, and that the purported appeal is therefore premature and void; that the court merely filed its "Memorandum of Opinion" therein, which proceeding does not conform to the requirements of sections 16 to 18, inclusive, of the Inheritance Tax Act. (Stats. 1935, ch. 358, pp. 1266, 1285; Stats. 1937, p. 655; 2 Deering's Gen. Laws of 1937, p. 3953, Act 8495.) The appeal is presented to this court on a settled bill of exceptions and the clerk's certificate to the judgment roll as provided by section 1242 of the Probate Code.
 Charles Pala died February 28, 1940, and his will was admitted to probate in Del Norte County. By the terms of that will Crescent Lodge No. 45, Free and Accepted Masons, was made the residuary legatee of the estate. An inheritance tax appraiser was duly appointed and subsequently filed his report in the estate finding that said lodge is subject to an inheritance tax in the sum of $1,051.07. No findings were adopted and no order was made confirming that report. *649 Findings were not waived. Within the time allowed by section 16(2) of said Inheritance Tax Act, objections to said report were filed in writing by the executors on the ground that the lodge is "engaged in or devoted to ... charitable, benevolent ... or other like work," and therefore is exempt from inheritance taxes under the provisions of section 6(b) of said act. That section was amended in 1941 to exempt from inheritance taxes only such corporations or associations as are "exclusively engaged in or devoted to any charitable ... or other like work." (Italics ours.) (Stats. 1941, ch. 833, p. 2387, Deering's Supp. of 1941, pp. 2366, 2370, Act 8495.) That amendment, however, has no application to the present proceeding. The issue as to whether the lodge is engaged in charitable work to the extent of exempting it from inheritance taxes as provided by the statute was formally tried and submitted for determination to a judge of the superior court of that county. Oral and documentary evidence was adduced at that hearing, which was held on August 2, 1941. August 7, 1941, the trial judge filed his "Memorandum of Opinion" stating that the objections to the appraiser's report should be overruled, and that "the order will be made fixing the tax as proposed by the inheritance tax appraiser." No findings of fact were ever adopted by the court, and no order or judgment was made or rendered. The notice of appeal refers to the "order" filed on August 7th, which is merely the opinion of the court. It does not appear that opinion was ever entered as an order or otherwise.
 [1] The attempted appeal is premature and ineffectual. Issues of fact joined in a probate proceeding must be tried in conformity with the requirements of the rules of practice in civil cases. The court must try the issues joined, and sign and file its decision in writing. ( 1230, Probate Code; 11a Cal.Jur. 171, 104.) Since the issue in the present proceeding must be tried and determined in accordance with "the rules of practice in civil actions," it follows that unless waived findings must be adopted as provided by section 632 of the Code of Civil Procedure, and a formal judgment or order based thereon must be rendered by the court, from which judgment there is a right of appeal. Section 18 of the Inheritance Tax Act provides in that regard:
 "The orders, decrees and judgments fixing tax or determining *650 that no tax is due ... shall have the force and effect of judgments in civil actions. Except as otherwise herein provided the provisions of the Code of Civil Procedure relative to judgments, new trials, appeals, attachments and execution of judgments, so far as applicable, shall govern all proceedings taken under this act."
 In the case of Estate of Dodds, 52 Cal.App.2d 287 [126 P.2d 150], in which a hearing was denied by the Supreme Court in an appeal from an order appointing an administrator, it was held that where findings are required there can be no valid judgment rendered until such findings have been adopted and filed with the clerk. It is said in that regard:
 "It is well settled that whenever findings are required there can be no rendition of the judgment until they are made and filed with the clerk. ..."
 "... It [the appeal] was taken before the rendition of the judgment and hence is irrefragably premature. (Aspegren & Co., Inc. v. Sherwood, Swan & Co., (1926) 199 Cal. 532, 537 [250 P. 400]; Young v. Briggs, (1936) 17 Cal.App.2d 338, 344 [61 P.2d 1223])."
 [2] It may not be said the "Memorandum of Opinion" which was filed in this proceeding constitutes an order or judgment from which an appeal may be taken, even though it does appear in the record of the judgment-roll which was certified by the clerk. The opinion is no part of the judgment-roll as defined by section 1242 of the Probate Code. It does not purport to contain the findings of the court. Proposed findings must be first served upon "all parties to the action." The court may not adopt or sign findings "prior to the expiration of five days after such service." ( 634, Code Civ. Proc.) Moreover, the opinion does not determine that the tax in question is thereby fixed or established. It contemplates that an order or judgment will be thereafter made determining that issue. It merely says "the order will be made fixing the tax as proposed by the inheritance tax appraiser." It has been repeatedly held that the opinion of the court is no part of the record on appeal and that it may not be considered for any purpose. In the case of Cavagnaro v. Delmas, 29 Cal.App.2d 352, 356 [84 P.2d 274], it is said:
 "The opinion of the lower court is not a part of the record on appeal, and it may therefore not be considered for *651 any purpose whatever, even when it is incorporated in the bill of exceptions."
 The appeal is therefore dismissed.
 Adams, P. J., and Schottky, J., pro tem., concurred.