[Civ. No. 17572. Second Dist., Div. Three. Aug. 23, 1950.]

AMY LUCILLE GILMORE, Respondent, v. BENJAMIN MARION GILMORE, Appellant.

Willedd Andrews for Appellant.

Jefferson & Jefferson, Bernard S. Jefferson and Martha Malone Jefferson for Respondent.

SHINN, P. J.—The defendant appeals from an interlocutory judgment of divorce which, in addition to granting a divorce to plaintiff wife, adjudged that certain community property

should be divided between the parties in the manner provided therein.

Plaintiff wife sued for divorce charging extreme cruelty on the part of defendant, praying for support, assignment to her of the community property, and incidental relief. Defendant's answer denied all allegations of the complaint.

On this appeal defendant makes no complaint concerning the division of the community property but contends that the evidence is insufficient to establish that he was guilty of extreme cruelty.

A review of the record shows that no findings of fact and conclusions of law were made, signed or filed by the trial court. In addition to making provision for the division of community property and the payment of attorneys' fees, the interlocutory judgment of divorce recites merely that plaintiff is entitled to a divorce from the defendant but does not specify the grounds on which it was granted. Section 632 of the Code of Civil Procedure requires findings and conclusions on all material issues raised by the pleadings and evidence, unless they are waived in the manner provided for by the section. Section 131 of the Civil Code provides that in actions for divorce the court must file its decision and conclusions of law as in other cases. The judgment and record in this case are silent as to any waiver and we can conclude from this and the fact that defendant requested that the findings and conclusions be included in the record on appeal that there was no such waiver.

The code provision requiring findings is mandatory and there can be no rendition of the judgment until they are made and filed with the clerk. (*Brownell* v. *Superior Court*, 157 Cal. 703 [109 P. 91]; *Easterly* v. *Cook*, 140 Cal.App. 115 [35 P.2d 164]; *Crim* v. *Kessing*, 89 Cal. 478 [26 P. 1074, 23 Am. St. Rep. 491]; *Estate of Dodds*, 52 Cal.App.2d 287 [126 P.2d 150]; *Cuneo* v. *Cuneo*, 40 Cal.App. 564 [181 P. 229].) The rule appears to be well settled that the failure to find on all material issues raised by the pleadings and evidence is ground for reversal unless findings have been waived. (*James* v. *Haley*, 212 Cal. 142, 147 [297 P. 920]; *Parker* v. *Shell Oil Co.*, 29 Cal.2d 503, 512 [175 P.2d 838]; *Fairchild* v. *Raines*, 24 Cal.2d 818, 830 [151 P.2d 260]; *Krum* v. *Malloy*, 22 Cal.2d 132, 136 [137 P.2d 18]; *Petroleum Midway Co.* v. *Zahn*, 62 Cal.App.2d 645, 652 [145 P.2d 371]; *Hamburger* v. *Hamburger*, 60 Cal.App.2d 530 [141 P.2d 453].)

In view of the allegations of the complaint, the denial thereof, the fact that the conflicting state of the evidence on the issue of extreme cruelty would have warranted a decision in favor of either party, and the fact that there was no waiver, we cannot say that the failure of the trial court to make findings of fact and conclusions of law did not constitute reversible error.

The judgment appealed from is reversed.

Wood (Parker), J., and Vallée, J., concurred.