[Civ. No. 25596. Second Dist., Div. Two. Oct. 4, 1962.]

DOROTHY A. ROBINSON, Plaintiff and Appellant, v. HAROLD M. ROBINSON, Defendant and Respondent.

A. Maurice Rogers, Jr., and Guy Richards Crump for Plaintiff and Appellant.

Marvin M. Mitchelson and Douglas L. Glaser for Defendant and Respondent.

HERNDON, J.—This is an appeal by plaintiff from (1) an interlocutory judgment of divorce and (2) from an order denying a motion to vacate and set aside said judgment.

Appellant wife filed the action, praying for divorce on the ground of extreme cruelty, custody and support of the minor child of the parties, alimony, division of community property and attorney's fees. Respondent husband cross-complained, praying for divorce on the same ground, an award of the community property to him, and an adjudication that the property held in the names of the parties as joint tenants was his separate property.

It was admitted by the pleadings that the parties were married on April 18, 1956, that they have one minor child born on January 22, 1957, and that the community property included furniture, furnishings and effects at the family resident, and approximately $3,000 cash in the possession of the wife.

The complaint alleged, and it was denied by the answer, that the community property also included the family residence in Los Angeles, other real property in San Bernardino County, an undivided one-half interest in other real property in Los Angeles County, two trust deeds, and certain corporate securities. The answer and cross-complaint alleged that these items were the separate property of the husband and were held in joint tenancy solely for convenience in the event of his

death. The answer to the cross-complaint denied that they were the separate property of respondent but admitted that title to them was held in joint tenancy. In addition, it was alleged by each of the parties that a 1956 Buick automobile was his or her separate property.

The case was called for trial on July 12, 1960. A conference was held in chambers, and the cause continued to the following day. On July 13, on the court's motion, it was continued to a third day. On July 14, following conferences in the judge's chambers, the parties and their counsel entered into a stipulation read in open court by respondent's counsel.

The stipulation provided: that appellant might put on evidence for a default divorce; that she have custody of the minor child with reasonable visitation rights to respondent subject to modification by the court after a court-appointed psychiatrist's examination of the parties; that she be awarded alimony of one dollar per year for the next five years, terminable upon her death or remarriage; and that child support be determined by the court.

It was further provided that the property of the parties should be divided as follows: that the family residence be awarded to respondent; that appellant vacate the premises no later than September 1, 1960; that respondent keep up the payments on the residence until September 1, 1960; that appellant be awarded the Kanimoto Second Trust Deed, valued at $11,774, all of the stocks and securities in the joint possession of the parties, $1,000 in a bank account in her possession, $611 in the possession of a court-appointed referee, the household furniture in the family residence with the exception of several specified items, and any after-discovered property acquired during the period of the marriage and separation; and that all other property be awarded to respondent. *Counsel for both parties expressly waived findings of fact.*

After the parties individually had expressed their agreement to the stipulation, appellant and a witness testified to the jurisdictional facts alleged in the complaint and to acts of cruelty by respondent. No evidence was offered on behalf of respondent. The divorce was granted to appellant and the matters stipulated were expressly incorporated in the court's minute order. Thereafter, on August 19, 1960, the court determined the remaining issues that had not been settled at the previous hearing and ordered respondent to pay child support of $25 per week, certain medical and hospital bills,

and $300 additional fees to appellant's attorney, and directed appellant's attorney to prepare the judgment.

In the interim, however, the appellant had filed a substitution of attorneys and the judgment finally entered on November 2, 1960, was actually prepared by the attorney for respondent. The language contained therein was taken almost literally from the minute order made on July 14, 1960. It contained a seeming ambiguity which will be more fully discussed hereafter. Following the entry of this judgment, respondent filed a motion seeking a clarification of this ambiguous language, and appellant filed motions for a new trial and to vacate and set aside the judgment pursuant to Code of Civil Procedure, section 473. All of said motions were denied and this appeal followed.

Appellant's first point is that the failure of the court to make findings of fact and conclusions of law is reversible error. It is well settled that failure to find on all material issues raised by the pleadings and evidence in a contested divorce action is ground for reversal unless findings have been waived. (*Hamburger* v. *Hamburger,* 60 Cal.App.2d 530, 538 [141 P.2d 453]; *Gilmore* v. *Gilmore,* 99 Cal.App.2d 186, 187 [221 P.2d 123].) However, as stated in *Alhadeff* v. *Alhadeff,* 130 Cal.App. 578 [20 P.2d 112] at page 580: "Findings of fact are only required 'Upon the trial of a question of fact.' (§ 632, Code Civ. Proc.) That assumes that evidence will be introduced on the issues raised by the pleadings. If any issue is withdrawn, or evidence is not introduced in support thereof, no finding is necessary thereon."

It has been held that in an action for divorce the hearing required to be had before the court after entry of a default, pursuant to Civil Code, section 130, is not a trial of issues of fact (*Foley* v. *Foley,* 120 Cal. 33, 37 [52 P. 122, 65 Am.St.Rep. 147]), and that findings are not required in default divorce proceedings. (*Waldecker* v. *Waldecker,* 178 Cal. 566, 568 [174 P. 36].)

Not only did the parties expressly waive findings, but their stipulation amounted to a withdrawal of the issues raised by the pleadings and the matter was heard as a default. Manifestly, appellant's contention is entirely without merit.

As her second assignment of error, appellant urges that the judgment with respect to the division of property is so ambiguous and uncertain that it requires reversal. As heretofore indicated, the judgment, prepared by respondent's attorney, closely follows the language of the minute order of the court.

A review of the minute order of July 14, 1960, and the transcript of the oral proceedings, which contains the stipulation of the parties, clearly indicates that the order is based on the stipulation. Furthermore, the order states that it is made "pursuant to stipulation." There is, however, some small difference in the language used in the minute order and judgment from that of the stipulation. The reporter's transcript of the stipulation reads, in pertinent part, as follows:

"MR. MITCHELSON: Mr. Robinson further stipulates that any after-discovered property—and by after-discovered property is meant that during the period of the marriage, April 18, 1956, until the date of separation, November 12, 1959, if there is any property newly discovered during this period of time that was purchased during the marriage, Mrs. Robinson shall be awarded that entire property. THE COURT: That is newly discovered property not here set forth? MR. MITCHELSON: Yes. All other property is hereby awarded and it is agreed that it shall be awarded to Mr. Robinson."

The minute order and judgment, however, merely direct "that any property not herein listed, and acquired during the period of the marriage and separation, shall be the sole and separate property of the plaintiff; that all property not herein mentioned is awarded to defendant."

It is appellant's contention that it is impossible to determine the rights of the parties from the judgment. ██ However, the rule is well settled that insofar as a judgment, or a part thereof, has been rendered pursuant to the expressed consent of the parties, it will be regarded as a contract between the parties, to be construed as any other contract; and when it admits of two constructions, the whole record will be examined, and that construction will be adopted which is most consonant with the judgment that should have been rendered under the facts and the law of the case. (*In re Ferrigno,* 22 Cal.App.2d 472, 474 [71 P.2d 329].)

██ " 'If the entry of a judgment is so obscure as not to express the final determination with sufficient accuracy, reference may be had to the pleadings and to the entire record. If, with the light thrown upon it by them, its obscurity is dispelled, and its intended significance made apparent, it will be upheld and carried into effect. . . .' " (*Brown* v. *Superior Court,* 110 Cal.App. 464, 466 [294 P. 428].)

It is readily apparent from the instant record that the court intended to incorporate the stipulation into the judgment and that any additional property awarded to the wife be-

yond that expressly given to her by the terms of the judgment was any property which might have been acquired by the parties during their marriage, but which had not been listed in the pleadings because of her lack of knowledge thereof. This provision in the stipulation obviously was intended to insure the fairness of the agreement reached by the parties by providing that if the husband had failed to disclose any of the assets of the community in his pleadings, they were to be awarded to the wife upon discovery. The general expression relating to property awarded to the husband clearly was intended to cover all other property listed in the pleadings but not expressly mentioned in the judgment.

In view of the facts (a) that the judgment was practically a literal adoption of the stipulation entered into by appellant, (b) that her original or substituted attorneys failed to prepare the judgment as directed by the court, (c) that the record fails to disclose any objection by appellant to the "form" of the judgment and, further (d) that she apparently contested respondent's motion seeking a clarification, she now can hardly complain with grace of any lack of certainty in the form thereof. (*Morrow* v. *Learned,* 76 Cal.App. 538, 540 [245 P. 442] ; *Browand* v. *Scott Lumber Co., Inc.,* 125 Cal. App.2d 68, 72 [269 P.2d 891].)

Appellant advances a further argument urging that the judgment is void. She contends that in the absence of evidence that the properties admittedly held in joint tenancy were in fact community property, the court was without jurisdiction to award certain of said parcels to the husband and others to her. As we have seen, the record discloses that the status of the properties was put in issue by the pleadings and that thereafter by stipulation the parties expressly consented to the dispositions reflected in the judgment.

Appellant's argument is fully answered in *Spahn* v. *Spahn,* 70 Cal.App.2d 791 [162 P.2d 53], and the cases cited therein. The appellant in the *Spahn* case contended, unsuccessfully, that the court had no jurisdiction to dispose of anything but community property, and that the order could not be construed as showing a stipulation that separate property might be disposed of in a divorce action. The court stated at pages 797-798 :

"This argument appears to be based upon the language of the minute order which said, 'community property is awarded as follows'; thereafter, however, disposing of all of the property owned by the parties. . . . It entirely loses sight of the

fact that, whatever the character of the property, whether community or separate, the parties had by their pleadings and stipulation, made its disposition an issue for the court to decide. Under the California cases to which attention has been directed, the trial court then had full jurisdiction to decide such issue.''

In addition to the arguments which have been considered, appellant complains that her case was mismanaged by her attorney, that no one informed her of her rights, that due to her ignorance of legal procedure her failure to assert them is excusable, and that the court abused its discretion in denying her motion to vacate the judgment.

Appellant's affidavit in support of the motion states: that her attorney ignored her requests to set the trial at a later date and to obtain a continuance at the time of trial; that he prematurely released witnesses in her behalf; that he never intended that the case go to trial; that he led her to believe a continuance was to be granted; and that he arranged for the property settlement without her knowledge. It further states that the judge, at a conference with the attorneys and parties, misinformed her as to the law in respect to the property held in joint tenancy and that his statement implied a threat to rule against her if she did not agree to a settlement arranged by the attorneys and the judge in her absence and without her authorization. In respect to her consent in open court to the stipulation, it states that she had no understanding of what transpired in the courtroom, or how it would affect her, and that she mistakenly believed that the case was being decided by the judge upon evidence which the attorneys had presented to him in chambers. The declaration of her mother, who was present with her during the proceedings, is corroborative of some of her statements.

Affidavits of counsel for both parties and of the respondent were filed in opposition to the motion. The affidavit of appellant's attorney states: that he had some 25 conferences with appellant prior to the day of the trial; that a second attorney was retained by appellant on July 13 and 14, 1960, as a further protection to her and was present in the courtroom; that a lengthy conference had been held in his office with the second attorney, appellant and her mother in order fully to acquaint the former with the facts; that he did not lead appellant to believe a continuance would be arranged and did not release any witnesses prior to the afternoon of July 14; that he had several conferences with appellant on July 12, 13 and 14 in

which they discussed the relative values of the properties and the provisions to be made for the custody of the child; that appellant indicated to him upon what basis she would settle the case; that he acquainted her fully with all the proceedings which took place in the judge's chambers; and that he advised her to accept the settlement because he believed it to be fair and equitable in view of all the evidence of which he had knowledge at that time.

The minutes of the trial court for July 13 and 14, 1960, reflect the fact that appellant was represented by two attorneys on those dates. The declarations of respondent and his counsel were also submitted in opposition to the motion, corroborating the statements of appellant's counsel and denying most of the detailed statements of appellant in respect to the negotiations for settlement.

Where justice requires it, a party in whose favor a judgment has been rendered is entitled to relief from the judgment as well as the party against whom it is rendered. (*Olson* v. *Olson,* 148 Cal.App.2d 479, 482 [306 P.2d 1036].)

However, "[i]t is a settled principle of law that motions for relief from default under the remedial provisions of section 473 of the Code of Civil Procedure are addressed to the sound discretion of the trial court, and the exercise of that discretion, in the absence of a clear showing of abuse, will not be interfered with by an appellate tribunal. [Citations.]" (*Rackov* v. *Rackov,* 164 Cal.App.2d 566, 569 [330 P.2d 926].) The burden is on the moving party who must establish his position by a preponderance of the evidence; it is presumed that the trial court resolved all conflicts in favor of the prevailing party, and the order will not be set aside in the face of such conflict and the ruling thereon. (*Warren* v. *Warren,* 120 Cal.App.2d 396, 400 [261 P.2d 309].)

In this case it clearly appears from the evidence before the trial court that it was fully justified in denying appellant any relief on the grounds provided by Code of Civil Procedure, section 473. The affidavits were in conflict and from them the court readily could draw the reasonable inference that there was no mistake, inadvertence, surprise or excusable neglect on the part of appellant, but that she participated in the settlement negotiations, received the advice of counsel, and entered into the stipulation in open court with full knowledge of its finality and effect.

The judgment and order presented for review are affirmed.

Fox, P. J., and Ashburn, J., concurred.